FREDERICK STAHL and NICHOLAS STAHL, plaintiffs in error, *vs.* THOMAS WEBSTER and others, defendants in error.

*Error to Jo Daviess.*

A Court has control over its records, to alter or amend them, during the term at which they are entered.

The word "property" embraces money, debts, and choses in action, of every kind, as well as things that are visible or tangible.

The twenty-sixth section of the attachment act, contemplates not only that the avails of the property attached, when converted into money, but, also, that a debt due from a garnishee, is liable to be apportioned among the attaching and judgment creditors, specified in that section.

The proper practice is, to enter a judgment against the garnishee, in favor of the defendant in the attachment, for the benefit of such attaching and judgment creditors as are entitled to share in its proceeds. If the judgment exceeds what is due the attaching and judgment creditors, the excess will be for the benefit of the defendant in the attachment.

| | |
|---|---|
| 11 | 511 |
| 23a | 22 |
| 11 | 511 |
| 39a | 314 |
| 11 | 511 |
| 40a | 281 |
| 40a | 358 |
| 11 | 511 |
| 149 | 181 |
| 44a | 231 |
| 11 | 511 |
| 157 | 181 |
| 11 | 511 |
| 65a | 253 |
| 11 | 511 |
| 167 | 525 |
| 67a | 96 |
| 11 | 511 |
| 108a | 3 442 |

This was an action commenced by a writ of foreign attachment against Webster, by the plaintiffs in error, and returned into the

Jo Daviess Circuit Court. Several parties were served as garnishees. Interrogatories were filed against one of the garnishees, and judgment was rendered against him in favor of the plaintiffs, for the sum of one thousand eight hundred and thirty-six dollars and eighty-six cents, subject, however, to the order of the Court rendered on the same day. Judgment was previously rendered against the defendant in the attachment. On the day of the rendition of that judgment, the following order was entered by the Court, to wit:

" In the matter of Frederick ₅Stahl, and Nicholas Stahl and Patrick Strachan, and William D. Scott, attaching creditors of Thomas Webster & Co., doing business, &c., against James Carter, impleaded with Patrick Strachan, garnishees of said Thomas Webster & Co.

" For as much as it appears that Frederick Stahl and Nicholas Stahl have recovered judgment on yesterday, as of this term, for the sum of fourteen hundred and twenty-three dollars and six cents, and Patrick Strachan and William D. Scott recovered judgment at the same time for the sum of four thousand seven hundred and ninety-six dollars and twenty-one cents, against said Thomas Webster & Co., doing business, &c., on attachments made returnable at this term of the Court, and that in both cases process has been served on the same garnishee, and he in both cases came into Court and acknowledged the same indebtedness to the said defendant, Thomas Webster, the clerk is directed, according to the statutes in such case made and provided, to make an estimate of the several amounts the attaching creditors, the said Frederick and Nicholas Stahl, and the said Strachan and Scott, are entitled to, out of the credits attached, in the hands of the said garnishee, and the clerk report the following estimate : that out of the credits in the hands of the said garnishee, the said Frederick and Nicholas Stahl are entitled to the sum of four hundred and twenty dollars and thirty-one cents, and the said Strachan and Scott are entitled to the sum of fourteen hundred and sixteen dollars and fifty-five cents ; and it is ordered by the Court that the said sum of eighteen hundred and thirty-six dollars and eighty-six cents, be distributed accordingly, and that the clerk certify the same in each case to the sheriff."

This was upon the 14th day of March, 1850. There was no other suit at this time brought against the said Webster to this term of the Court, nor any suit pending in this Court, except the said suits of attachment of the said Strachan and Scott, and of these plaintiffs.

After the said proceedings had taken place in this attachment suit, and in the case of Strachan and Scott, on the 19th day of March, as yet of the March term of the said Court, the attorney of William and James Moir, filed a warrant of attorney of the said Thomas Webster, authorizing a judgment to be entered in favor of the said Moirs, in the sum of eight thousand dollars; which was on that day entered accordingly.

After the rendition of which judgment, a motion was made and allowed, directing the clerk to make an estimate of the several amounts each attaching and judgment creditor of the defendant, rendered at that term of the Court, would be entitled to out of the property attached, either as money or other property, in the hands of garnishees, or otherwise; and that he should apportion said amount in proportion to the respective demands of said attaching and judgment creditors.

The only property attached was the indebtedness of Carter, the garnishee. The attaching creditors objected to the entering of this second order, which is as follows:

" In the matter of Frederick Stahl and Nicholas Stahl, and Patrick Strachan and William D. Scott, attaching creditors, and William and James Moir, judgment creditors of Thomas Webster & Co.

" The Court having fully considered, and being fully advised, upon the motion of the said William and James Moir, heretofore filed by their attorney, to direct the clerk to make an estimate of the several amounts each attaching and judgment creditor of the defendant, rendered at the present term of this Court, will be entitled to, out of the property attached, either as money or other property, in the hands of garnishees, or otherwise, after the same shall be secured by the sheriff: The Court thereupon directs the clerk to make an estimate of the several amounts each of the attaching and judgment creditors of this term will be entitled to, out of the money of the said judgment debtor, garnisheed in the hands of James Carter, after the collection

65

thereof by the sheriff, calculating such amount in proportion to the amount of the several judgments, with cost, as the same will respectively bear to the amount in the hands of the said garnishee. And the said garnishee having heretofore answered to the interrogatories filed by the said Frederick and Nicholas Stahl, and Patrick Strachan and William D. Scott, by their attorneys, that he was indebted to the said Thomas Webster & Co. in the sum of $1,800 86.

" The clerk thereupon estimates the amounts each of the attaching and judgment creditors are entitled to as aforesaid, as follows, to wit:

" Frederick and Nicholas Stahl one hundred and eighty-three dollars and eighty-three cents ; Patrick Strachan and William D. Scott six hundred and nineteen dollars and fifty-eight cents ; William and James Moir one thousand and thirty-three dollars and fifty-five cents ; which estimate is approved by the Court. It is, therefore, considered by the Court that the clerk certify the said several amounts to the sheriff; and it is further ordered, that so much of the order of the Court heretofore entered at this term, on the 14th day of March, A. D. 1850, directing the clerk to make an estimate of the several amounts to which said attaching creditors are entitled, in the said cases of Frederick and Nicholas Stahl *vs.* Thomas Webster & Co., and Patrick Strachan and William D. Scott *vs.* Thomas Webster & Co., and previous to the judgment of William and James Moir, as is inconsistent with or conflicts with this order, be rescinded and set aside."

The plaintiffs in error, who were the plaintiffs in the attachment suit, bring the cause to this Court; and assign for error the rescinding and setting aside of any part of the first order, and in making the estimate in favor of Moirs, the judgment creditors.

The proceedings were had before Sheldon, Judge, at March term, 1850.

J. P. Hoge, for plaintiffs in error.

Thompson Campbell, for defendants in error.

Opinion by Mr. Justice Trumbull :

This is a controversy between the attaching and judgment creditors of Webster, as to the distribution of the amount due

from the garnishee, in the attachment suits. F. and N. Stahl and Strachan and Scott, sued out attachments against Webster, returnable to the March term, 1850, of the Jo Daviess Circuit Court; and in both cases the same person was summoned as garnishee. At the return term, judgments were entered against the defendant in the attachment suits, and also against the garnishee, for the amount he acknowledged himself indebted to the defendant. An order was then entered, directing the clerk to make an estimate of the amount which each attaching creditor was entitled to, out of the credits attached in the hands of the garnishee. Subsequently, but during the same term of the Court, a judgment was entered against said Webster, on a warrant of attorney to confess judgment, in favor of William and James Moir, and thereupon a motion was made in behalf of the Moirs, for an apportionment between them and the attaching creditors, of the sum due from the garnishee, in proportion to the amount of their respective judgments ; which motion was allowed, and the previous order of the Court directing the sum due from the garnishee to be distributed between the attaching creditors, rescinded. F. and N. Stahl now bring the case here, and assign for error, the rescinding the first order of distribution, and allowing the plaintiffs in the judgment by confession to share in the proceeds to be collected from the garnishee.

It is a familiar doctrine, that a Court has control over its records, to alter or amend them, during the term at which they are entered. If, therefore, the last order of distribution was proper, the Court committed no error in rescinding the first.

The plaintiffs in error insist, that the twenty-sixth section of the attachment act, R. S., 69, providing, under certain circumstances, for an equitable division of the proceeds of the property attached, among various creditors of the defendant, does not apply to a case where the attachments are served on a garnishee, but only to cases where they are levied upon visible, tangible property. The language of the act is, that, "in all cases where more than one attachment shall be issued against the same person or persons, and returnable to the same term of the Court to which they are returnable, or when a judgment in a civil action shall also be rendered at the same term against the defendant who is the same person and defendant in the attachment or attachments, the Court shall direct the clerk to make

an estimate of the several amounts each attaching or judgment creditor will be entitled to out of the property of the defendant attached, either in the hands of any garnishee or otherwise, after the sale and receipt of the proceeds thereof by the sheriff, calculating the amount in proportion to the amount of their several judgments, with costs, as the same will respectively bear to the amount of the sum received; so that each attaching and judgment creditor will receive his just part thereof, in the proportion to his respective demand." The language of this section expressly authorizes the creditors therein specified to share *pro rata* in the proceeds of the property attached, whether in the hands of a garnishee or otherwise. Why confine this equitable distribution to the proceeds of the attached property, which are moveable and tangible? Is there any reason why a party obtaining a judgment in a civil action, should be permitted to divide with the attaching creditor the money collected by virtue of his attachment upon visible property, and not permitted to share with him the money collected by virtue of the same attachment, from a garnishee? Before drawing such a distinction, the Court should be clearly satisfied that the Legislature intended to make it. The word "property" embraces money, debts and choses in action of every kind, as well as articles that can be seen and handled. A debt due from another, is as much property, and as effectually attached, when the person owing it has been summoned as a garnishee, as is any visible species of property upon which the attachment may have been levied.

The law is the same as to what property shall be apportioned between attaching creditors, as it is as between them and a judgment creditor in a civil action, and no complaint is made in this case, that the first order of distribution between the attaching creditors was not proper. The words " after the sale and receipt of the proceeds thereof by the sheriff," have reference to the time when the clerk is to make the estimate. He is not required, and cannot properly do this, till the property attached has been turned into money ; for till then, he cannot know how much will be collected. The Court directs the clerk how to make the estimate, and the making of it is a mere ministerial act, to be performed afterwards. If the words under consideration should be held to limit the distribution to the proceeds of such property as had been attached and sold, then when an at-

tachment was levied upon the money of the defendant, no apportionment could take place, because it would not be liable to be sold. Such could not have been the intention of the Legislature. Looking at the object had in view, in the enactment of the twenty-sixth section, and taking all its provisions together, it is clear that the avails of the property attached, when turned into money, whether they are the proceeds arising from a sale of property or from the collection of a debt due from a garnishee, are all liable to be apportioned among the attaching and judgment creditors, which the section specifies.

It is, however, insisted that this construction is impracticable; that the judgment of the attaching creditor may be for a less amount than the garnishee owes; that such creditor may, at any time, enter his judgment satisfied, or the defendant may pay the judgment; in which event, the garnishee will be released, and the Court will have no means of collecting the debt due from him and applying it towards the satisfaction of the judgment in the civil suit, inasmuch as no execution can issue upon that judgment against the garnishee. All these difficulties are just as formidable, if the construction contended for by plaintiffs' counsel be given to the statute.

In this very case, F. and N. Stahl, the attaching creditors, only obtained judgment against Webster for $1,423 06, and yet a judgment is entered in their favor against the garnishee for $1,836 83. What authority, it may be asked, had the Court to enter a judgment against the garnishee, in favor of F. and N. Stahl for a greater amount than they had recovered against the defendant in the attachment? It was done, no doubt, so as to be able to collect from the garnishee the whole amount he was owing, that it might be apportioned between the different attaching creditors. It so happened, in this particular case, that both attachments were served upon the same garnishee. But suppose this had not been the case: how is the money due from a garnishee to be collected, when it exceeds the judgment obtained by the creditor who has attached it, against the defendant in the attachment? Or suppose different attachments, returnable and returned to the same term, levied upon different articles of property: in such a case, it must be admitted, that the attaching creditors are entitled to share *pro rata* in the proceeds of all the property attached; and yet, how can all the property attached

be sold, and its proceeds received by the sheriff, when it happens that numerous articles are levied upon by only one attachment, the half of which are sufficient to satisfy it? Each attaching creditor, in cases of judgment by default, is confined in his execution to the particular property he has attached, and has no authority to issue execution against property attached by another creditor of his debtor. In the case supposed, the debtor may think proper to pay off the small attachment, or the creditor may enter it satisfied, and how, in such an event, are the other attaching creditors, entitled by law to share *pro rata*, in the proceeds of all the property attached, to reach that which has been released by the creditor, where attachment was alone a lien upon it?

In carrying out the provisions of the twenty-sixth section, difficulties present themselves, let the construction be what it may; but they are not diminished by adopting the one contended for by the plaintiffs.

The law is plain, that different creditors, under certain circumstances, are entitled to a *pro rata* distribution of the property of their debtor which has been attached, and the Courts, in applying it, must adopt such proceedings as will best effectuate the legislative intention.

All Courts must have the power to give effect to the orders that they are required to make, and in giving a practical application to the provisions of the twenty-sixth section of the act under consideration, the Courts must, if necessary, depart somewhat from the usual mode of proceeding, in order to give effect to the law. The practice has been, to enter the judgment against the garnishee, in favor of the attaching creditor, and yet, there is a manifest impropriety in entering a judgment as in this case, in favor of the attaching creditor for a greater amount than he has recovered against the defendant, in the attachment. How such a result is to be sometimes avoided, if the judgment against a garnishee is to be in favor of the creditor whose attachment has been served upon him, we do not well see. The proper practice would, therefore, seem to be, to enter the judgment against the garnishee, in favor of the defendant in the attachment, for the benefit of such attaching and judgment creditors as are entitled to share in its proceeds. They would then have the right to control the judgment, and the money, when collected

from the garnishee, would be liable to be distributed among the several creditors, according to the directions received from the clerk. By entering the judgment in favor of the defendant in the attachment, the objections which have been suggested in giving practical effect to the provisions of the twenty-sixth section are obviated; nor is any violence done to any other part of the attachment act, by entering the judgment in this form. The statute declares, that it shall be lawful to enter up judgment and award execution against a garnishee, but does not specify in whose favor the judgment shall be. There is a peculiar fitness in entering the judgment in favor of the party with whom the debt was contracted, and to whom it is due; and if the judgment exceeds what is due the attaching and judgment creditors, the balance will be for his benefit.

This Court being of opinion that the Moirs were entitled to share *pro rata* in the amount to be collected from the garnishee, as decided by the Circuit Court, the judgment is affirmed.

*Judgment affirmed.*