JOSEPH FARRELL, Garnishee, Plaintiff in Error, *v.* GUS-
TAVUS C. PEARSON, and JOHN H. F. GRACE, Defend-
ants in Error.

#### ERROR TO THE SUPERIOR COURT OF CHICAGO.

A person who acknowledges he is indebted at the time of the service of garnishee process upon him, and contracts to aid the attaching creditors to collect their debt, is not relieved because some person does an unauthorized act, and gives up property, which fixed his indebtedness, to the defendant in the attachment.

In garnishee proceedings, the judgment should be in favor of the debtor who is the creditor of the party garnisheed.

THE affidavit of Gustavus C. Pearson, the foundation of this proceeding, states that plaintiffs have recovered judgment against defendants for the sum of $795.90; that execution has been issued and returned unsatisfied.

That defendants have no property, within the knowledge of the affiant, liable to execution, and that he has just reason to believe that Joseph Farrell is indebted to the said defendants, and has effects and estate of said defendants in his house, and prays garnishee process against Joseph Farrell.

Farrell, by his answer, states that he had or has no property belonging to the said defendants, or either of them, nor was or is indebted to them or either of them, in any sum which is now in any manner subject to the claim of said plaintiffs, and to the best of his knowledge, information and belief, except about the sum of seventy dollars, which he has ready, to be paid as the court shall direct.

Exceptions were filed to this answer, that said garnishee does not say he had no property belonging to said defendants, nor that he was not indebted to said defendants at the time of the service of the garnishee process, but says that he had or has no property belonging to said defendants or either of them, nor was or is indebted to them, or either of them, in any sum which is now in any manner subject to the claim of the said plaintiffs. In which particular the said plaintiffs except to the answer of the said garnishee as evasive and insufficient, and pray a full answer.

Garnishee was ordered to answer further.

In his further answer he states, that, at the time of the service of the garnishee process, he was in Chicago, two hundred and eighty miles from his place of residence; that, at that time, he supposes, but does not know personally, that there was in the possession of his clerk, at his residence, three horses and a

Farrell, Garnishee, *v.* Pearson et al.

saddle and bridle, worth about one hundred and fifty-seven dollars, which he had purchased conditionally, giving his note, due in sixty days, which purchase was made on or about the 3rd of August last past; that it was agreed between respondent and said Clark & Study, that, in case they could get more for the horses within two weeks than that price, they were to have the right to redeem them, upon the return of said note and payment of expenses about same; that this agreement was known to his said clerk; that, on the day of service of said garnishee process, or before he had time to communicate to his said clerk, the said clerk had delivered up said horses, bridle and saddle, to said Clark & Study, and received back the said note, in pursuance of said agreement; that this was done without his knowledge or consent; that, as soon as he discovered the fact, he communicated the same to plaintiffs, and they commenced pursuit of said horses as the property of said Clark & Study; that plaintiffs obtained one of the horses, and advertised it for sale as the property of said Clark & Study, and also obtained a large portion of the proceeds of the other two horses.

He admits indebtedness about the sum of $70, balance due upon the purchase of certain flour of Clark & Study, which is offset by $18, due for keeping said horses, which was to be applied in that way. Further states, upon information and belief, that the judgment upon which the garnishee process was founded has been fully paid and satisfied by the defendants, and that he should be discharged from the proceedings; that he had or has no property of the defendants, nor was he or is he indebted to them, or either of them, in any larger or greater sum than above admitted.

The reply of plaintiffs to this answer states, that said answer is not true; that, at the time of serving garnishee process, they aver said Farrell had in his possession, and belonging to said defendants, property and effects to the amount of $257 over and above the $70 which he admits, and this they are ready to verify.

And as to the matter of his clerk letting the property go out of his possession, they know nothing, but leave said Farrell to prove the same.

*Robert Hervey,* a witness for plaintiff, testified: Am an attorney and counselor at law; reside in Chicago; know the plaintiff, and garnishee, Farrell; I first saw him in company with Pearson, one of the plaintiffs, about 12th day of August, 1859; Pearson called on me with Farrell, to see about claim against Clark & Study; said that Mr. Farrell owed them and had been or was to be garnisheed; Mr. Farrell stated, in my

presence, that he owed Clark & Study $257, in two notes, for flour and horses purchased of them; did not say anything about its being a conditional bargain; said he owed them so much.

Pearson & Co., and Farrell, then entered into the following contract, drawn by me, and signed by them, as follows:

States that, whereas Farrell is indebted to Clark & Study in $257, and said Clark & Study are indebted to Pearson & Co., and said Farrell has been garnisheed by said Pearson & Co. as a debtor of Clark & Study, and whereas it has been agreed between said Pearson & Co. and said Farrell, that said Farrell shall endeavor to obtain all information he can about the whereabouts of said Clark & Study, and shall furnish same to said Pearson & Co., and shall, also, do what he can to enable the said Pearson & Co. to recover the said sum of $257 from him, said Farrell, as such garnishee. Now, if said Farrell shall perform the agreement herein, the said Pearson & Co. shall pay him, or allow him to deduct from said amount of $257, fifty seven dollars for his trouble and services, and a proportionate sum for any less amount that may be received from him than said $257.

I did know afterwards of Pearson and a detective officer being about to start for Clark & Study; Mr. Pearson was in my office after he returned; I understood from him that he got nothing from Clark & Study; I understood, although I do not know that he said so, that he got from them one of the horses bought by Farrell; the language he used, as near as I can recollect, was, we have recovered one of the horses, or a horse; he did not say that it was one of those that Farrell bought from Clark & Study.

A witness for Farrell stated: I know of Farrell's having three horses and harness in his possession, and wagon, belonging to Clark & Study; Study brought the horse to Farrell's house, and sold him the horse, wagon and harness, and forty-three barrels of flour; I do not exactly remember the number of barrels. The horses were sold conditionally; he had ten days to redeem them, at one hundred and fifty dollars for the three. Within the time he came and redeemed the horses of me, during Mr. Farrell's absence; Mr. Farrell gave me no instructions at all, after he left Tamaroa for Chicago, in regard to the redemption of the horses. He knew nothing about it until after I had given up the horses. These are all the horses that I know of his having any interest in. Mr. Study came and redeemed the horses and took them off; I do not know what he did with them.

Instructions for plaintiffs:

1. If the jury believe, from the evidence, that at the time the garnishee, Farrell, was served with process, he was indebted to

the defendants, Clark & Study, in the sum of two hundred and fifty-seven dollars, or any other sum of money, he cannot exempt himself from liability as such garnishee, by showing that subsequent to such service of process on him, he paid such defendants the amount due them, or re-delivered to them the property which they had sold, or delivered to him, and which he had at the time of such service of process, unless he also shows that such payment was so made, or such property so re-delivered with the knowledge or assent of the plaintiffs, express or implied.

2. If the jury believe, from the evidence, that at the time the garnishee, Farrell, was served with process, he was in possession of property which he had previously bought on credit from the defendants, Clark & Study, and for which he was then owing, he cannot exempt himself from liability therefor in this proceeding, by showing that the sale was a conditional one and subject to a right of redemption in such defendants, and that they had redeemed such property subsequent to such service of garnishee process.

3. If the jury believe, from the evidence, that at the time of the service of process of garnishment on Farrell in Chicago, he was in possession of property belonging to the defendants, Clark & Study, that such property was then at Tamaroa in Perry county, Illinois, and was subsequent to such service re-delivered to the defendants, Clark & Study, by the agent of said Farrell, but that such re-delivery did not take place until after the lapse of more than a reasonable time from the service of such garnishee, in which notice thereof might have been communicated by said Farrell to his agent at Tamaroa ; that the jury should find a verdict for the plaintiffs, and assess their damages at the sum which said Farrell agreed to pay for said property, unless they shall further believe, from the evidence, that with a full knowledge of all the facts, the plaintiffs in the execution obtained, in part satisfaction of their debt, the whole or part of the identical property which he had in his possession, belonging to Clark & Study, or for which Farrell owed Clark & Study.

The garnishee process would not render Mr. Farrell liable for what might be due upon negotiable promissory notes, given to him by Clark & Study, which notes had not matured, unless the same were delivered up to Farrell, by Clark & Study, before his answer. Where property is not in actual possession of a person served with the garnishee process, but is in the possession of an agent of the garnishee, he is entitled to a reasonable time, to notify his agent and protect the property, before he will be liable for an act of the agent, which may have deprived him of the possession of the same, in the ordinary course of his duty.

Farrell excepted to these instructions.

The following instructions, asked at the instance of the garnishee, were refused:

The jury cannot find for the plaintiffs, the value of the horses, if the plaintiffs received them or the proceeds of them, with knowledge, after the garnishee process issued or was served.

The accepting of the one horse, and of the proceeds of the others, or a portion thereof, is evidence of an assent on the part of the plaintiffs, to the action of Farrell's clerk, in delivering up the horses, even if it was done after the service of process upon Farrell.

Defendant, Farrell, cannot be charged for the value of any property, to the delivery up of which, after service of garnishee process, he assented, or of which he had accepted the proceeds.

If the jury believe, that there was a conditional bargain between Clark & Study and Farrell, and that it was rescinded even after garnishee process was served upon Farrell, and the plaintiffs, with knowledge, chose to pursue the property, they cannot recover against Farrell.

The plaintiffs cannot pursue both the property and the garnishee; they must elect which they will follow, and having elected, they are bound by such election.

If the jury believe, that by any arrangement between the plaintiffs and Farrell, they undertook to pursue and did pursue the property, and recovered the same or the avails thereof, that then, for such property so received, or the avails of such as may have been sold, which may have been received by the plaintiffs, knowing that it is the avails of any property in the possession of Farrell at the time of service, Farrell will not be liable.

The judge, of his own motion, gave this instruction:

If the jury believe, from the evidence, that after the service of the garnishee process upon Farrell, he delivered the defendants any portion of the property in his hands, which belonged to the defendants in the execution, and that the plaintiffs pursued and recovered any of such property from the said defendant with knowledge of the facts, then the value of the property cannot be recovered against Farrell. But if the defendant in the execution, sold any of such property without the direction of the plaintiffs in the execution, though the whole or a portion of the money received for such property, may have been paid to them, still the garnishee, Farrell, would not thereby be exonerated from his liability as garnishee in this case, for so much of said property or indebtedness.

The jury returned that they found for the plaintiffs, and assessed the damages at $257, and judgment was rendered accordingly.

Farrell moved for a new trial and in arrest of judgment, upon the following grounds:

The court erred in giving the various instructions to the jury.

The court erred in refusing the instructions asked by defendant's counsel.

The jury found a verdict directly against the charge of the court, inasmuch as they found for the full value of the property, and it was undisputed that one of the horses had been received by plaintiffs and applied on said debt.

The verdict was for too much.

The verdict was against the evidence, and should have been in favor of Farrell.

These errors were assigned:

1. The judge erred in refusing to give the jury the 1st, 2nd, 3rd, 4th, 5th, and 6th instructions asked by the said Joseph Farrell.

2. The judge erred in giving the instructions, so given by him, of his own motion, to the jury.

3. The judge erred in overruling the motion for a new trial.

4. In that the verdict was directly against the charge of the court.

5. In that the verdict was against the evidence, and is not supported by it.

6. In that the verdict is too large.

7. The court erred in excluding evidence offered by said plaintiff in error.

8. The court erred in admitting improper evidence by the defendant in error.

E. S. SMITH, for Plaintiff in Error.

M. C. PARSONS, for Defendants in Error.

BREESE, J. It is pretty certain that at the time Farrell was served with the garnishee process at Chicago, he was justly indebted to Clark & Study, the judgment debtors of Pearson & Grace, in the sum of two hundred and fifty-seven dollars, in two notes for flour and horses, purchased of them by Farrell, at Tamaroa, in Perry county. About the time he was garnisheed, his clerk, Watson, at Tamaroa, made some arrangement, unknown to Farrell, by which he gave up the horses to Study, who took them away. This was an unauthorized act by the clerk, and could not tend to release Farrell from the notes. It was not the agreement the parties entered into, as testified to, and shown by Hervey, who acted for the parties in adjusting the matter, and who drew the agreement.

The instructions given by the court were all proper. That of the judge, on his own motion, stated the law correctly. The defendant's instructions were properly refused.

We observe that the form of entering the judgment on the garnishee process is not correct. The judgment should be entered in favor of the debtor who is the creditor of the party garnisheed. *Stohl et al.* v. *Webster*, 11 Ill. 518; *Gillilan* v. *Nixon, ante,* page 50. The judgment is affirmed.

*Judgment affirmed.*