# BENJAMIN H. TOWNER *et al.*

*v.*

# F. GEORGE & SON.

1. GARNISHEE—*entitled to notice.* A garnishee is entitled to have notice of the proceeding, before a conditional judgment can properly be entered for failing to answer interrogatories filed against him.

2. SAME—*time allowed to answer.* A conditional judgment can not be entered against a garnishee, at the return term, on default of answer to interrogatories, because the statute gives him until the third day of the next succeeding term in which to file his answer.

3. JUDGMENT AGAINST GARNISHEE—*its form.* It is improper to render a judgment against a garnishee in a proceeding by attachment, in favor of the plaintiff in the attachment; it should be entered in the name of the debtor in attachment, as the plaintiff, and against his debtor, the garnishee, as the defendant.

4. ASSESSMENT OF DAMAGES—*by the clerk.* Under the practice act, it is only where damages rest in computation, as upon an instrument in writing for the payment of money, where the amount is certain and known, that the clerk can assess the damages; he can not assess them in an action upon an open account, as for goods sold and delivered.

5. SAME—*by the court.* Under the act of 1863, the court may, unless a jury be demanded, hear the testimony, where the damages are unliquidated, requiring evidence of the *quantum* thereof, occasioned by the breach of the contract, and assess the damages accordingly; but the clerk has no such power.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action of assumpsit, commenced by attachment, in the court below, by Frederick George & Son, against Jane Sterritt, upon an open account, for goods sold and delivered. Certain proceedings were had against Benjamin H. Towner and William Towner, as garnishees, which they allege were erroneous, and which are fully set forth in the opinion of the court.

Messrs. Cunningham & Webber, for the plaintiffs in error.

Messrs. Cullom, Zane & Maroy, for the defendants in error.

Mr. Chief Justice Breese delivered the opinion of the Court:

Two objections to these proceedings are well founded, and must reverse this judgment.

The writ of attachment was issued by the clerk of the circuit court of Champaign county, directed to the sheriff of Vermilion county, who, on the twenty-fifth of January, 1868, returned the same, levied on a tract of land. The narr. was filed to the April term of the Champaign circuit court, 1868, and counted upon an indebtedness on an open account for goods sold and delivered to the defendant, Jane Sterritt. The record recites that proof, to the satisfaction of the court, of publication against the defendant, of the pendency of the suit, had been legally made. The record fails to show any notice to the garnishees, and in the absence of such notice, at the April term, interrogatories were filed requiring answers from the garnishees, but which they had no opportunity to answer, having no notice of the pendency of the suit. In default of an answer by the garnishees, a conditional judgment was entered against them, and simultaneous with this, a judgment for default of appearance and plea was entered against Jane Sterritt, the defendant in the attachment suit, and "it was considered by the court that the plaintiffs ought to recover damages by reason of the non-performance of certain promises in plaintiffs' declaration mentioned," and then follows this order, "but because those damages are unknown, the clerk proceeds to assess the damages at two hundred and sixty-seven dollars thirty cents," for which judgment was rendered.

A reference to section fifteen of the Practice Act, will show that this proceeding was irregular, and not in conformity

with that statute. It is only where damages rest in computation, as upon an instrument in writing for the payment of money, when the amount is certain and known, that the clerk can assess the damages. In this case the damages were an open question, to be tried by a jury on evidence, or by the court, under the act of February 14, 1863. Under that act, the court may, unless a jury be demanded, assess the damages, but the clerk has no such power. Where the damages, as in this case, are unliquidated, requiring evidence of the *quantum* thereof, occasioned by the breach of the contract, the court must hear the testimony and adjudge accordingly. Here the clerk took the plaintiffs' bill of particulars, and, without any proof in support of it, found the full amount of it. We know of no statute in force in this State, and no practice in the circuit courts, to warrant this proceeding.

At the same term, on the rendition of this judgment, a *scire facias* was directed against the garnishees, returnable to the next term, to show cause why this judgment should not be made absolute against them. This writ was duly served and returned, and at the July term the judgment was made absolute against the garnishees, though in a form improper, and more than once condemned by this court.

It will be seen by the above citations from the record, comparing them with the provisions of the attachment act, that the plaintiffs had no right, at the April term, on filing interrogatories, to take a conditional judgment against the garnishees. By section eighteen of that act, they had until the third day of the next succeeding term in which to file their answers. In this precipitancy there was also error. Not being entitled to an answer from the garnishees until the third day of the next term, it was irregular to take a conditional judgment against them.

For taking a conditional judgment against the garnishees, when time to answer the interrogatories had not expired, and because the damages, not resting in computation, were assessed by the clerk, in the absence of all proof, the judgment must

be reversed. It may be proper to say, we are surprised that, notwithstanding the admonitions of this court, and instructions given as to the form of the judgment against a garnishee, circuit courts will persist in entering them in an improper form, as this is, being in the name of the plaintiff in the attachment against the garnishee, instead of in the name of the debtor in attachment as the plaintiff, and against his or her debtors as the defendants. *Stahl et al.* v. *Webster,* 11 Ill. 511; *Gillilan* v. *Nixon,* 26 ib. 50.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*