Haines v. O'Conner.

---

J. CHARLES HAINES

V.

DENNIS O'CONNER.

1.  JURISDICTION—AMOUNT DUE FROM GARNISHEE —County courts have jurisdiction where the amount claimed or value of the property in dispute does not exceed one thousand dollars, but they have no jurisdiction of a claim on behalf of a defendant in attachment against a garnishee exceeding one thousand dollars, although the amount of the judgment rendered against the defendant in attachment, and upon which the garnishment proceeding is based, is less than one thousand dollars.

2.  PRACTICE IN GARNISHMENT—PARTIES TO THE RECORD.—The defendant in the attachment is, in contemplation of law, the plaintiff in the garnishment proceedings, and the matters between him and the garnishee constitute the case, and it is the amount claimed as between the debtor and garnishee which constitutes the test of jurisdiction.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.  Opinion filed March 2, 1880.

Mr. ARNOLD TRIPP, for appellant; that in the absence of fraud or collusion, a subsequent attaching creditor cannot inquire into the regularity of prior attachments, cited Rudolf v. McDonald, 6 Neb.—; Bank of Augusta v. Jancker, 9 La. An. 8; Gibson v. Foster, 2 An. 507; Isham v. Ketchum, 46 Barb. 44; Kincaid v. Neall, 3 McCord, 201; Kreuchi v. Dehler, 50 Ill. 176.

Instructions must be based on the evidence: Alexander v. Mt. Sterling, 71 Ill. 366; Herrick v. Gary, 83 Ill. 85; Bradley v. Parkes, 83 Ill. 169.

The court should on notice of the garnishee have consolidated the several cases: Imp. Fire Ins. Co. v. Gunning, 81 Ill. 236; Gillilan v. Webster, 11 Ill. 511.

Messrs. SCATES, HYNES & DUNNE, for appellee; that the parties suing the defendant in attachment could not be allowed to split their demands so as to come within the jurisdiction of a justice, cited Lucas v. Lecompte, 42 Ill. 303.

An attorney has no power to confess judgment or make a compromise without special authority from his client: Lyon v. Boilvin, 2 Gilm. 629; Wadhams v. Gay, 73 Ill. 415; Sayles v. Mann, 11 Chicago Legal News, 67.

As to jurisdiction: Rev. Stat. 1874, 343, §§ 177, 160, 55.

As to practice in garnishment: Stahl v. Webster, 11 Ill. 511; Warren v. Iscarian Community, 16 Ill. 114; Gillilan v. Nixon, 26 Ill. 50; Farrell v. Pearson, 26 Ill. 463; Rankin v. Simons, 27 Ill. 352; Cariker v. Anderson, 27 Ill. 358; Towner v. George, 53 Ill. 168; Warne v. Kendall, 78 Ill. 598.

McALLISTER, J. This was a suit by attachment, brought in the Cook County Court, by Dennis O'Conner against Machris & Reichendorff, upon an indebtedness from the latter to the former of $608.48, and the appellant, J. Charles Haines was summoned and answered as garnishee. Issues were formed upon his answer, on the trial of which the jury returned a verdict finding that he had $1,615.73 in his hands belonging to Machris & Reichendorff. The court, overruling appellant's motion for new trial, gave judgment on the verdict, and Haines brings the case in this court by appeal.

The record presents various questions, the controlling one being: Had the County Court jurisdiction of a claim on behalf of the defendants in the attachment against the garnishee, amounting to $1,615.73, or exceeding one thousand dollars?

The statute prescribing the jurisdiction of the County Court declares: "The County Courts shall have concurrent jurisdiction with the circuit courts, in all that class of cases wherein justices of the peace now have, or may hereafter have, jurisdiction where the amount claimed, or the value of the property in controversy shall not exceed one thousand dollars."

Although the defendant in the attachment, the alleged debtor, does not institute the proceedings, and the statute authorizes it to be done by the creditor, yet the law regards it as the case of the defendant in the attachment against the garnishee, in which the latter has the same rights of defense, and is entitled to the same mode of trial as if the defendant in the attachment had brought the suit directly in his own name against the person in this proceeding called the garnishee. The attaching creditor is not a party to the issue. In Warne v. Kendall, 78 Ill. 598, the Supreme Court expressly decided that, in a case like the one under consideration, it was irregular to make up the issue and try it as between the garnishee and the attachment creditor; but that the issue must be made up between the defendant in the attachment and the garnishee. Wherefore, the judgment cannot be rendered in favor of the attaching creditor, but must be in favor of the defendant in the attachment against the garnishee, and then it will stand as a security or fund in which other attaching creditors may participate. Farrell, garnishee, v. Pearson et al. 26 Ill. 463; Rankin v. Simonds, 27 Ill. 352. The garnishee is not properly a defendant in an attachment suit to defend against the claim of the attaching creditor. Carriker v. Anderson, 27 Ill. 358. In Towner v. George, 53 Ill. 168, the court, by Chief Justice BREESE, said: "It may be proper to say that we are surprised that, nothwithstanding the admonitions of this court, and instructions given as to the form of the judgment against garnishees, circuit courts will persist in entering them in an improper form, as this is, being in the name of the plaintiff in the attachment against the garnishee, instead of in the name of the debtor in attachment, as the plaintiff, and against his or her debtors, as the defendants."

These citations are made to show that the defendant in the attachment is, in legal contemplation, the plaintiff, and the matters between him and the garnishee constitute the case, and it is the amount claimed, or the value of property in controversy, as between them, and not the amount claimed as between the attaching creditor and the defendant, which constitutes the test as to jurisdiction. That is, although the amount claimed

Haines v. O'Conner.

by the attaching creditor does not exceed one thousand dollars, yet, when a third party is garnisheed, the amount owing by him, to the value of the effects in his hands belonging to the defendant in the attachment, will then become the test as to that proceeding; and if it exceeds one thousand dollars, the county court has no jurisdiction, because it is to be regarded as a suit between the defendant in the attachment and the garnishee, in which the latter has the same rights of defense, though under a different form of pleading, as he would have if the suit had been brought directly by the defendant in the attachment against the garnishee in the form of an original action. If this be not the correct view, then it will follow that a justice of the peace, whose jurisdiction in this State is limited to claims not exceeding two hundred dollars, may, notwithstanding, take jurisdiction in a case between a defendant in an attachment writ or judgment and a garnishee, where the amount involved is one, five or ten thousand dollars. As to that, the case of Moore v. Woodruff, 5 Arkansas R. 214, is directly in point.

Moore sued a banking corporation before a justice of the peace, and got a judgment for one hundred dollars. He then sued out a writ of garnishment against Woodruff, and by suggestions and interrogations claimed that Woodruff was indebted to the bank in ten thousand dollars, and took judgment against the garnishee for the amount of his judgment against the bank. The case was taken up, and the Supreme Court, in deciding that the justice had no jurisdiction, used this language: "In the present instance, the writ of garnishment and the suggestions and interrogatories filed in support of it, charge the defendant in error (Woodruff) as being indebted to the bank in a sum of money of ten thousand dollars. This statement defeats the plaintiff's cause of action against the garnishee. It shows that the justice of the peace could not constitutionally take cognizance of the action, the amount in controversy being above one hundred dollars, to which his special jurisdiction is limited. The indebtedness as alleged is an entirety or single contract, incapable of being divided into fractional parts, to give original jurisdiction to the justice's court. To allow such a pro-

ceeding would be to subject the defendant to an endless multiplicity of suits, which would be as intolerable as unwarrantable."

The amount claimed of the garnishee being above one thousand dollars, we are of opinion that the County Court exceeded its jurisdiction, and the judgment will be reversed.

Reversed.