## Charles A. Surine v. Fort Dearborn National Bank.

1. GARNISHMENT—*Justice's Jurisdiction.*—The jurisdiction of a justice of the peace in garnishee proceedings is not affected by the amount the garnishee defendant may owe.

**Garnishee Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 24, 1895.

### STATEMENT OF THE CASE.

By the record here filed the following appears:

Be it remembered that on the 2d day of November, A. D. 1894, the above entitled cause came on to be heard before his honor, Abner Smith, one of the judges of said court.

Parties to said suit, by their respective attorneys, waive a jury and submit said cause to the court for hearing; and on the 2d of November, 1894, filed with the clerk of said court a stipulation of said parties by their respective counsel in the words and figures following, to wit: Attached to said stipulation were the following papers:

" Copy of check sued on :

CHICAGO, April 10, 1894.
(No. 8.)

Fort Dearborn National Bank, pay to the order of Charles A. Surine $211, two hundred and eleven dollars.

THEODORE NELSON.

(Indorsed)   CHARLES A. SURINE."

Ex. A, No. 1.   Garnishee summons dated March 31, 1894, in suit of Theodore Nelson, for the use of Samuel Page, against the Fort Dearborn National Bank, to appear before Max Eberhardt, justice of the peace, on April 5, 1894, at 1 o'clock P. M., indorsed with a certificate of said justice that the within is a true copy of said summons.   Also, indorsement of the constable's return thereon, dated March 31, 1894.

Ex. A, No. 2.   Affidavit of Samuel Page for garnishee summons dated March 31, 1894.

Indorsed with a certificate of said justice that the within is a true copy of the original affidavit.

Ex. A, No. 3.   Transcript of proceedings in justice court in suit of Theodore Nelson for the use of Samuel Page v. Fort Dearborn National Bank, showing service on said bank, dated March 31, 1894.   Case called April 5, 1894, at 2 o'clock sharp, the time set for trial and garnishee in court by H. C. Vanduser, agent, and makes answer under oath and says garnishee is indebted to said Theodore Nelson in the amount of $200, for money had and received by said garnishee for use of Theodore Nelson.   And Edwin Nelson enters his appearance as claimant and service of process and asks leave to plead.   Witness sworn, and after hearing the evidence, case continued to April 11, 1894, at 1 o'clock P. M., for advice.

April 11, 1894, case called at 2 o'clock, sharp, and after considering the evidence, judgment is entered against claimant for costs, and judgment is entered in favor of Theodore Nelson for use of Samuel Page and against said garnishee for the sum of $200, for money had and received for said garnishee for use of Theodore Nelson.

Certificate of justice to transcript.

Stipulation filed November 2, 1894.

Venue and title of case.

It is hereby stipulated that the facts in this case are as follows:

1. Theodore Nelson had on deposit with the defendant bank on the morning of the 31st day of March, 1894, $211.50.

2. That on said day the said bank was served with process as garnishee in a garnishee proceeding brought by one Samuel Page, a judgment creditor of said Theodore Nelson, against said defendant bank, garnishee, said suit having been begun before Max Eberhardt, a justice of the peace of said Cook County, Illinois.

3. That the papers hereto annexed as Exhibit A 1, A 2 and A 3 are duly certified copies of the summons, affidavit for garnishee summons and the transcript of the proceedings in said cause.

4. That the defendant bank paid upon the judgment rendered against it in said garnishee proceeding the sum of $200 on the 2d day of May, 1894.

5. That this suit is brought upon the check in evidence which is dated and was drawn on the 10th day of April, 1894, and was duly presented by the plaintiff to said bank for payment on the 10th day of April, 1894, and payment thereof refused by said bank.

And thereupon the defendant submitted to the court in writing, certain propositions of law in the words and figures following, to wit:

1. The court holds that service of the garnishee summons, a certified copy of which is in evidence in this cause, upon the defendant bank on the 31st day of March, 1894, constituted a lien upon the funds of Theodore Nelson in the hands of said bank, to the extent of $200, as of said date of the 31st day of March, 1894, subject only to the final judgment of said justice of the peace in said cause. *Held.*

2. That the said defendant bank was not in law or duty bound to plead its right in said garnishee suit; that one

action only should be brought against it, for the said sum of $211.15. *Held.*

3.   That in said garnishee proceeding in evidence in this cause, the defendant bank had a right to waive its right to plead or claim want of jurisdiction in said justice's court, by reason of the fact that it owed said Theodore Nelson more than the sum of $200. *Held.*

4.   That the judgment of the said justice in said cause of Theodore Nelson for the use of Samuel Page, a certified transcript of which proceeding is in evidence in this cause, is a valid judgment against said defendant bank, and upon said judgment it was the duty of said defendant bank to pay the sum of $200. *Held.*

5.   It is further held, as a matter of law, that upon the judgment in evidence in this cause, rendered by Max Eberhardt, Esq., a justice of the peace of Cook County, Illinois, against the defendant bank, the said defendant bank was authorized to make payment of the sum of $200, and it being admitted by the stipulation herein that the said bank did actually pay to said justice of the peace upon said judgment, the sum of $200 on the 2d day of May, 1894, said bank had the right and was lawfully entitled to charge the same against the account of said Theodore Nelson, as of the date of the service of said garnishee summons, to wit, March 31, 1894. *Held.*

6.   The court holds, upon the evidence and stipulation of facts in this cause, that the finding of the court should be for the defendant. *Held.*

7.   The court holds, upon the evidence and stipulation of facts in this cause, that the law is with the defendant and the plaintiff can not recover upon the check sued on.

John C. Patterson, attorney for appellant.

Flower, Smith & Musgrave, attorneys for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

This court, in Haines v. O'Connor, 5 Ill. App. 213, opinion

by the late Judge McAllister, held that the County Court had not jurisdiction in garnishee proceedings wherein the indebtedness of the garnishee was more than $1,000, the jurisdiction of the County Court being limited to $1,000.

In strict analogy to such ruling, this court thereafter in several cases held that justices of the peace had not, in like proceedings, jurisdiction where the garnishee debtor was owing more than $200.

In a case arising before a justice of the peace the Supreme Court have recently, reversing this court, held that the jurisdiction of a justice of the peace is not, in garnishee proceedings, affected by the amount the garnishee defendant may owe. Pomeroy v. Rand, McNally & Co., 10 Corporation Reporter, p. 379.

The judgment of the Circuit Court is therefore affirmed.