Uptown National Bank of Chicago, a National Banking Association, Plaintiff-Appellee, v. Virginia Farmer Puris, Defendant, and State Bank of St. Charles, Garnishee Defendant-Appellant.

Gen. No. 47,973.

First District, Second Division.

July 26, 1960.

Hempstead, Redman, and Shearer, of St. Charles, for appellant.

Ernest A. Eklund and John N. Thornburn, of Chicago, for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment entered in a garnishment action.

On March 15, 1958, Uptown National Bank of Chicago, the appellee here, issued its check for $2,500.00 to Miss Virginia Farmer Puris and London Motors, Inc. The check carries a stipulation acknowledging that it is issued in payment for one 1958 Dodge automobile and requesting the dealer, London Motors, Inc., to forward the certificate of title, as required by the Illinois statutes, showing a lien in favor of the appellee in the amount of $2,778.24. As additional security the loan was secured by a duly recorded chattel mortgage on the automobile executed by Virginia Farmer Puris. The check was endorsed and deposited in the account of London Motors, Inc., and the "use tax" receipt in favor of Virginia Farmer Puris was completed. No application for title was signed by her even though the dealer requested that she do so several times.

On April 17, 1958, Robert P. Van Treuren, who had paid the initial deposit with the request that the deposit receipt be put in Miss Puris' name, according to London Motors, appeared at the State Bank of St. Charles and applied for a loan to be secured by the same 1958 Dodge automobile. He was in possession

of an unassigned manufacturer's certificate of origin. The bank refused to make the loan until the certificate was assigned to Van Treuren by the dealer, London Motors. Later the same day, Van Treuren returned to the bank with the certificate bearing the signature of Robert Gilmore, as agent of London Motors, and notarized by Richard E. Meyers of Glen Ellyn, Illinois. The signature of Robert Gilmore was forged. The certificate of origin and an application for a certificate of title in the name of Van Treuren showing the lien of the State Bank of St. Charles of $1,600.00, was sent to the office of the Secretary of State, and the bank issued its check for $1,600.00 to Van Treuren. No use tax receipt or bill of sale was issued to Van Treuren or given the bank by Van Treuren. When the bank was notified by the Secretary of State that no title could issue without the use tax receipt, and an attempt to locate Van Treuren was unsuccessful, State Bank then for the first time went to the dealer, London Motors, to see if it could obtain a use tax receipt. The bank was refused a receipt because the same automobile was already subject to a chattel mortgage in favor of the Uptown National Bank. The validity of the signature of Robert Gilmore appearing on the certificate of origin was then disputed by Mr. London, president of London Motors. From the dealer, Mr. Bell, of the State Bank, went to the Uptown National Bank. He brought the double financing to the attention of the Uptown Bank but was unable to work out an agreement with the Uptown Bank to settle the matter.

The State Bank then attempted to pay the use tax with its own funds, but was advised by the Secretary of State that this could not be done. Thereafter, State Bank demanded that Van Treuren produce the use tax receipt. Van Treuren then brought in a photo copy of a bill of sale with a photo copy of the use tax receipt on the reverse side. When these documents

were submitted to the Secretary of State a certificate of title was issued in the name of Van Treuren which indicated a lien in favor of the State Bank for $1,-600.00. This title was held by the bank until a repossession title was applied for on July 18, 1958. The title was issued on August 1, 1958. The automobile was sold for $2,400.00 sometime after the complaint in garnishment was filed.

On August 8, 1958, the Uptown Bank obtained a judgment against Virginia Farmer Puris in the amount of $2,774.57 and execution was issued. A garnishment summons was served on the State Bank on August 9, 1958, to which it answered that it had no property belonging to Virginia Farmer Puris. The contest in regard to this answer resulted in the judgment appealed from.

Appellant contends that the only security interest which existed against this automobile was the one perfected when the certificate of title was issued to their debtor, Van Treuren. The effect of the Motor Vehicles Law, Ill. Rev. Stat. 1957, Chap. 95½, sec. 3-207, is said to be to eliminate all other forms of securing a debt with a motor vehicle. We are not faced with the necessity of deciding that question, since in the view we take of the case, neither party perfected a security interest under the Motor Vehicle Law.

It is not disputed that neither Uptown National Bank nor London Motors, their agent, filed with the Secretary of State a properly endorsed certificate of origin with a use tax receipt. Therefore, they did not complete the prerequisites to obtaining a certificate of title noting their lien. However, the Uptown Bank did ask London Motors, by the endorsement on their check, to obtain the certificate of title and forward it to them. This certificate was not obtained because Virginia Farmer Puris would not come in to

sign the application blank, but the Uptown Bank had done everything within its power to obtain a certificate of title indicating its lien.

As to the attempted compliance with the statute by State Bank of St. Charles, the facts leading up to the final issuance of the certificate of title noting their lien clearly indicate a flaw which prevents the certificate from having the effect they intended for it.

█ █ The certificate of origin which they used as a basis for their requests to the Secretary of State was ineffectual to pass any title to the automobile in question. Both Mr. London and Robert Gilmore, whose name was on the document, testified that they had never signed it and that they had never authorized anyone else to sign. The evidence is clear that the signature of Robert Gilmore on the assignment of the certificate of origin to Van Treuren was a forgery. The purchaser can take no better title to the property than his vendor had. Drain v. LaGrange State Bank, 303 Ill. 330, 135 N. E. 780. Van Treuren could take no title through the forged indorsement and as a consequence, could transfer none.

█ Appellant contends though, that there has been no proof that Van Treuren was not the owner of the automobile and if that were so, he could have transferred good title to the bank. However, contrary to this contention, the evidence shows that the owner of the automobile was Virginia Farmer Puris, the judgment debtor of the Uptown Bank. Mr. London testified that the deposit on the automobile was received from Van Treuren with instructions to "put it in her name," and that she represented several times in response to his telephone calls that she would come in to accept the papers in the transaction. The record does not indicate that this testimony was objected to by appellant. The loan from the Uptown Bank was specifically for the purpose of purchasing

477.

the automobile in question, as is indicated from its form. It was made payable to her and used for that purpose. The use tax receipt was being held to be put in her name and sometime in June, 1958, was signed by London and given to the Uptown Bank. Whether through design or inadvertence, sufficient indicia of ownership were placed in Virginia Farmer Puris by Van Treuren to make her the owner of the automobile.

As a result of the finding that Virginia Farmer Puris was the owner of the automobile, appellant must fail in its contention that the garnishment action may not be maintained because it held no property belonging to appellee's debtor, Miss Puris. Appellant held the automobile, or the proceeds after it was sold, when the true owner was appellee's judgment debtor.

■ Appellant also contends that because the judgment appealed from is in favor of the Uptown Bank, and not the principal defendant, it is void. This alone is not a sufficient basis for reversing the judgment. Home Ins. Co. v. Kirk for Use of Kirk, 23 Ill. App. 19, 22.

Appellant seeks to be treated as an innocent holder of a security interest perfected according to the Motor Vehicle Law so that it might prevail when compared to an innocent holder of a security interest perfected according to the Chattel Mortgages Act. A problem of construction of the Motor Vehicles Law might be presented if such were the case. Here, however, the appellant must be considered somewhat less than what the Motor Vehicles Law considers an innocent holder of a security interest evidenced by a certificate of title containing a notice of lien. The second time the forged certificate of origin was submitted to the Secretary of State's office, and the third time, when the certificate of title was finally issued, appellant had been put on notice through conversations by Vice President

478

Bell with London that the signature on the certificate probably was not authentic and that a chattel mortgage existed against the automobile which prevented the issuance of a use tax receipt to appellant. The presence of the chattel mortgage was further brought home to appellant when the problem was discussed with Uptown Bank later the same day. This clearly indicates that they were not an innocent holder of a security interest perfected according to the Motor Vehicle Law. In view of London's refusal to issue a use tax receipt while a chattel mortgage existed in favor of Uptown, appellant must have also thought it suspicious when Van Treuren produced a photo copy of a bill of sale and use tax after their demand for them. Possessed of such knowledge, appellant proceeded to mislead the Secretary of State into issuing a certificate of title in the name of Van Treuren noting its lien, and now relies on that title.

The Motor Vehicles Law under which the certificate of title was issued provides that the application for the first certificate of title of a motor vehicle shall contain any information the Secretary of State may require to identify the vehicle and to determine whether the owner is entitled to a certificate of title and the existence of security interests in the vehicle. (Ill. Rev. Stat. 1957, Chap. 95½, sec. 3–104(a)(4)).

It seems clear that the Secretary of State would not have issued a certificate of title to Van Treuren if all the facts had been made available. If we were to sustain appellant's reliance upon a security interest perfected in this manner, to the exclusion of a perfected chattel mortgage, we would be guilty of blind adherence to form to the detriment of the equitable administration of justice.

Appellant had not perfected a security interest in the automobile when the garnishment action commenced. It held property which had as its real owner

the judgment debtor of appellee. The objections raised to the procedure in the garnishment action are without merit. Therefore, the judgment of the trial court is affirmed.

Affirmed.

BURKE, P. J., took no part.

FRIEND, J., concurs.