DEXTER HUTCHINSON *versus* JONATHAN EDDY *& al.*

It is no defence to an action on a joint note, that one of the promisors has been summoned and defaulted as trustee of the payee, and has paid to the creditor in the trustee process the amount of the judgment thus recovered, there being no evidence to show that he was adjudged trustee on account of the note. In the absence of evidence, the presumption is, that he was held trustee on account of other indebtedness.

*It seems* that where a debtor holds a joint contract against two or more, and his creditor would avail himself of the benefit of it by trustee process, he must summon all the parties liable by law to discharge it, who reside within the State.

AGREED statement of facts in the District Court, ALLEN J. Judgment was there rendered for plaintiff. Defendant appealed.

*Rowe,* for plaintiff.

*Kelley,* for defendants. —

The principal defendant was summoned as trustee of Hutch inson, and defaulted, and the judgment paid and satisfied. The defendants offered to be defaulted for all but the amount paid as trustee. Where there is a joint debt, either debtor may pay, and here is payment by one ; and it is immaterial how received, as the plaintiff has received so much. If Eddy's indebtedness as trustee was on account of any other debt due Hutchinson, the plaintiff could show it ; but the defendants cannot show that there is no other debt. The writ says Hutchinson had deposited a sum in the hands of Eddy as trus- tee. Every indebtedness is a several one, although more than one is liable. A payment by one, is a payment by all. The cases cited from New Hampshire decisions are not law here. The testimony of Turner that he received the debt, and the indorsement of the attorney on the execution as to costs, is evidence of payment. This evidence would bar an action on the judgment. Payment of a judgment may be proved in any way.

SHEPLEY J. — The suit is upon a promissory note not nego- tiable, made by the defendants on July 13, 1835, for the sum of $100, payable to the plaintiff in July then next with inter-

est. On February 13, 1836, the plaintiff made a written assignment of it on the back of the note to Isaac Shurtleff; but there does not appear to have been any notice thereof given to the defendants ; and they may avail themselves of any defence which would be good, if no such assignment had been made.

The defendants offered to be defaulted for the sum of $65, and contended that they had paid the residue.   To prove payment, they introduced the record of a suit in favor of John Turner against the present plaintiff, in which Jonathan Eddy, one of the defendants, was summoned as his trustee.   Principal and trustee were both defaulted, and judgment was rendered against them at the October Term of the District Court in this county, in the year 1840, for the sum of $65,32 debt, and $17,89 costs.   The trustee paid to Turner the amount of the debt thus recovered.   He does not appear to have made any disclosure as trustee; and there is no other testimony to show, on what ground he was adjudged to be the trustee of the plaintiff.

Does a legal presumption arise, that he was adjudged trustee and made that payment, because he was jointly with the other defendant indebted to the plaintiff? He may have been adjudged to be otherwise trustee, because he alone was indebted to the plaintiff otherwise than by the note now in suit.   Or because the plaintiff had deposited money or goods in his hands.   The record, not affording the least evidence, that he was adjudged trustee on account of his being indebted jointly with the other defendant by virtue of this note, is more appropriate to charge him as being solely indebted in some other manner.   If it were only equally as appropriate to charge him on account of a separate as a joint indebtedness, and therefore left it wholly uncertain on what account he was charged, the defence must fail; for the burden of proof is upon the defendants to show, that the payment was made on account of this note.   The presumption arising from the record is, that he was not charged as trustee of the plaintiff on account of this note.   In the case of Jewett v. Bacon, 6 Mass. R. 60, it was said, when a debtor holds a

joint contract against two or more, and his creditor would avail himself of the benefit of it by this special attachment, he must summon all the parties liable by law to discharge it. The same rule is applied in New Hampshire. *Hudson* v. *Hunt*, 5 N. H. R. 538. This rule was so far varied by the case of *Parker* v. *Danforth*, 16 Mass. R. 299, as to permit one of several partners residing within the State to be summoned and charged, when the other partners had no residence within the State. Such is the rule also in New Hampshire. *Atkins* v. *Prescott*, 10 N. H. R. 120.

It does not appear that both the makers of this note were not within the jurisdiction, when one of them only was summoned as the trustee of the plaintiff. The just inference would seem to be, that they were. It cannot therefore be presumed, that a judgment was rendered against Eddy as trustee in a case, in which he would not seem to have been legally chargeable, when he might have been legally charged on account of being solely indebted to the plaintiff. The plaintiff will be entitled to judgment for the amount due upon the note.