OSCAR F. WASHBURN v. NEW YORK AND VERMONT MINING COMPANY, AND THEODORE J. ALLEN, TRUSTEE.

*Process. Service. Trustee. Motion to dismiss.*

Where real estate is attached and the defendant does not reside in this state, and has no tenant, agent or attorney in this state, the act of the officer serving the writ, in leaving a copy in the office where by law a deed of such estate is required to be recorded, with a description of the property attached, for the purpose of making the attachment and creating a lien thereon, does not constitute notice to the defendant, but, in such case, the statute (Gen. Sts., ch. 83, § 37) requires another copy, having the officer's return thereon, to be left with the town clerk for the defendant, in order to complete the service and constitute notice to the defendant.

There can be no judgment against a trustee, unless there is first a judgment against the principal defendant, and where it is apparent that such judgment can not be rendered, as in case of want of service upon the principal defendant, and he does not appear and submit to the jurisdiction of the court, the trustee ought not to be kept in court and the action will be dismissed on his motion.

If the principal defendant waives the want of service upon him, or defects in the form of the proceedings, then the trustee can not take advantage of such defects, or want of service.

TRUSTEE PROCESS. The action was general assumpsit. The return on the writ was as follows:

Washburn v. N. Y. & Vt. M. Co. and trustee.

" STATE OF VERMONT, }    At Bridgewater in said county,
   WINDSOR COUNTY, ss.   } on the 5th day of April, A. D. 1867,
by virtue of this writ I attached, as the property of the within
named defendants, all the real estate in the town of Bridgewater,
bounded north by Barnard, east by Woodstock, south by Plymouth,
and west by Sherburne.   I also attached all the machinery, tools
and other property in the mill or building on the premises owned
by said defendants, consisting of one safe, one water-wheel,
iron shafting and pulleys, and iron smelting-furnace; also drills,
picks and water-pipes.   And on the same day I lodged a true and
attested copy of this attachment, with a description of the estate
and a list of the property attached, indorsed thereon, in the town
clerk's office of said town of Bridgewater; and on the same day
I made service of this trustee writ on the within named Theodore
J. Allen, by delivering a true and attested copy thereof to Albert
Hubbard, agent of said Theodore J. Allen, with this my return
thereon indorsed."

The writ was returnable at the May term, 1867, and was en-
tered in court, but the defendants made no appearance.   The
trustee, Allen, filed a motion, at said term, " to dismiss said ac-
tion, so far as said Allen is concerned, and to discharge said
Allen with his costs," for the reason, among others stated, " that
no service whatever has ever been made upon the debtors named
in said writ."  · The court, BARRETT, J., presiding, *pro forma* sus-
tained the motion for said cause and dismissed the action, to which ·
the plaintiff excepted.

*Norman Paul*, for the plaintiff, maintained that the service on
the defendants was in strict conformity with the requirements of
the statutes, in a case of this kind, where the defendant is out of
the state, and real estate is attached, and he has no tenant, agent or
attorney in the state.   Gen. Sts., ch. 33, § 22, § 37.   The fact
that the officer's return does not show personal notice to the de-
fendant, is not sufficient cause for dismissing a suit.   *Stevens* v.
*Fisher*, 30 Vt., 200; *Ellsworth* v. *Learned*, 21 Vt., 535; *Beech*
v. *Abbott*, 6 Vt., 586.

Any questions arising on defects in the writ, or irregularities in
the manner of service, relating solely to the principal parties to
the action, can be raised only by such parties to the original suit.
Persons related to the matter in controversy in a collateral or an-

cillary manner, are barred from raising any dilatory questions affecting only the principals to the suit. *Fletcher* v. *Bennett*, 36 Vt., 659; *Harding* v. *Harding and tr.*, 25 Vt., 487; *McKenzie* v. *Ransom and trs.*, 22 Vt., 324.

The trustee process is simply attaching the property of the defendant in the trustee's hands, purely a collateral proceeding. *Allen* v. *Seaver*, 38 Vt., 673; *Trombly et al.* v. *Clark and tr.*, 13 Vt., 118; *Stearns et al.* v. *Wrisley*, 30 Vt., 661.

There are no defects of the papers that can be taken advantage of by motion, but if there are any, they can be reached only by pleas in abatement. *Kellogg ex parte*, 6 Vt., 509; *Kelly* v. *Paris et al.*, 10 Vt., 261; *Charlotte* v. *Webb et al.*, 7 Vt., 38.

*French & Johnson,* for the trustee.

The motion to dismiss was properly sustained. There was no service or pretended service of any kind on the defendants. No copy for the defendants was left with any person or at any time. Our statute requires, when the defendant is not an inhabitant of the state, and goods and chattels are attached, that a copy should be left with his " agent or attorney, if any be known," and if not, then left at the place where the goods and chattels were attached. Gen. Sts., p. 292, § 22. If real estate is attached, in such case the copy is to be delivered to his " tenant, agent or attorney, if any be known," and if not, then left in the town clerk's office. Gen. Sts., p. 294, § 37; Slade's Sts., p. 65, § 26.

It is well settled, that the officer's return must show a legal service according to the requirements of the statute, or the suit will be dismissed. *Swetland* v. *Stevens*, 6 Vt., 577; *Wheeler* v. *Barry*, 6 Vt., 579; *Newton* v. *Adams et al.*, 4 Vt., 437; *Chase* v. *Davis*, 7 Vt., 476; *Marvin* v. *Wilkins*, 1 Aik., 107; *Park et al.* v. *Harmon, tr.*, 14 Vt., 211. A copy must be left with each defendant. *Smilie* v. *Runnels et al.*, 1 Vt., 148. The trustee may take advantage of the want of service on the principal debtor. *Huntington* v. *Bishop, tr.*, 3 Vt., 515. If the suit is improperly commenced by trustee process, the trustee may take advantage of it, and plead in abatement or move to dismiss. *Emerson et al.* v. *Paine, tr.*, 9 Vt., 271; *Leach* v. *Cook, tr.*, 10 Vt., 239; *Bradley* v. *Richmond, tr.*, 6 Vt., 121.

The opinion of the court was delivered by

PIERPOINT, C. J. The question comes before this court from the decision of the county court dismissing the action, on the motion of the trustee, for want of service on the principal debtors.

It is insisted on the part of the plaintiff, that the service on the principal defendants was sufficient. It appears from the return of the officer, that he attached upon the writ the real estate of the defendants and certain described personal property, by leaving a true and attested copy of the writ, with a description of the estate and a list of the property attached, indorsed thereon, in the town clerk's office of the town of Bridgewater, and on the same day made service of "this trustee writ on the within named Theodore J. Allen, by delivering a true and attested copy thereof to Albert Hubbard, agent of said Allen," etc.

The 37th section of chapter 83 of the General Statutes, is that "When the real estate of any person shall be attached, a true and attested copy of such attachment, together with a description of the estate attached, shall be by the officer serving the same delivered to the party whose estate is so attached; or left at his dwelling-house or last and usual place of abode ; and the officer making such service, shall also leave a true and attested copy of such attachment, together with a description of the estate so attached, in the office where by law a deed of such estate is required to be recorded, and if the party whose estate is attached, does not reside in this state, then such copy shall be delivered to his tenant, agent or attorney, if any be known, and if no such tenant, agent or attorney be known, then a copy of such writ with the officer's *return thereon,* lodged in the office in which a deed of such estate ought by law to be recorded, shall be deemed sufficient service."

This section contemplates that a copy of the precept, with the doings of the officer serving the same indorsed thereon, shall be left with the defendant or with some person or at some place *for him.* This seems to be necessary to make the service complete, and the object is to give him notice of the proceeding, and of the nature of the demand that is made upon him, and of what he is called upon to answer to. In this case no copy was left with or for the defendants. It is claimed by the counsel for the plaintiff,

Washburn v. N. Y. & Vt. M. Co. and trustee.

that, as the defendants did not reside in this state and had no tenant, agent or attorney in this state, the act of the officer serving the writ, in leaving a copy in the town clerk's office with a description of the property attached, for the purpose of making the attachment and creating a lien thereon, is a compliance with the statute, under the circumstances existing in this case, and that the act does not contemplate the leaving of any other copy with the town clerk for the purpose of notice to the defendant.

This construction of the statute, we think, is not correct. The copy left with the town clerk to create the attachment, is not left for the defendant, but becomes a part of the files to be kept in the town clerk's office, and from which he is to make the record required by law. He is not at liberty to give it to the defendant nor required to give him any notice of it. The copy required to be left with the town clerk for the defendant, is another and a different copy from that required to constitute the attachment. The latter is required to have only a description of the property attached upon it. The former must have the officer's return thereon. This may and often does constitute a material difference. The officer's return shows not only what was attached by him, by leaving the copy with the town clerk, but whatever else was done either by attaching the personal property other than what is covered by the copy so left, or by service upon a trustee, etc., all of which it is important to the defendant that he should be informed of, and which he could not learn from such copy left to create the attachment. Hence the propriety and necessity of the requirement that a copy should be left containing such information. The leaving of a copy for the defendant, in cases like the present, is the only service there is upon him. All the other proceedings have reference only to the attachment of his property as security for the ultimate payment of the judgment, if the plaintiff succeeds in obtaining one. When such copy is left for the defendant, the statute says it shall be deemed sufficient service. The service is then a legal service and enables the plaintiff to enter his suit in court and proceed with it there ; but the law does not regard this as sufficient notice : the plaintiff is still required to take certain prescribed steps with a view of giving notice to the defendant, in case he does not appear in the suit voluntarily.

As no copy was left for the defendants, there is no service upon them, there is nothing that requires them to appear in court, and nothing can be presumed against them from the fact that they do not appear.

The question then arises, can the trustee take advantage of the want of service on the principal defendant? Where the defendant appears in the suit, and submits himself to the jurisdiction of the court, and does not see fit to avail himself of want of service, or defect in the form of the proceedings, he may be regarded as waiving his objections; a judgment against him would then be good, and the trustee could not take advantage of such defect, or want of service; but where there is no appearance of the principal defendant, and it is apparent, upon the face of the proceedings, that no judgment can legally be rendered against him, the trustee may well insist that the whole proceedings should be dismissed. There can be no judgment against the trustee, unless there is first a judgment against the principal defendant, and where it is apparent that such judgment can not be rendered, the trustee ought not to be kept in court.

Judgment of the county court is affirmed.