## CLARKE MERCHANT AND HENRY W. MERCHANT, COPARTNERS,

### v.

## WALTER M. HOWLAND AND JUSTIN W. MEACHAM.

*Garnishment—Sec. 10, Chap. 62, R. S.—Jurisdiction.*

In garnishment proceedings this court affirms the judgment for the garnishees, in question, no judgment having been obtained against the principal defendant.

[Opinion filed December 8, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Mr. MAX ROBINSON, for appellants.

Messrs. WALTER M. HOWLAND and GEORGE A. TRUDE, for appellees.

MR. JUSTICE WATERMAN. This suit was begun by appellants before a justice of the peace, against the American Introduction Company, a corporation, as the principal defendant, and appellees as garnishees.

No service was had upon the corporation, and it did not appear; notwithstanding this, the justice court rendered, against appellees, who were served and who answered, judgment for $126.63. . Appellees took an appeal to the Circuit Court, where the principal defendant, The American Introduction Company, never have been brought or come into court, upon the trial had against the garnishees, judgment was rendered in favor of them, and they were discharged.

The answer of the garnishees filed in the justice court, disclosed that they were each indebted to the principal defendant in the sum of $500. It is therefore contended

Merchant v. Howland.

that it appearing that the garnishees were each indebted to the principal defendant in more than the sum of $200, the justice had no jurisdiction to render a judgment against either of them. This court in Haines v. O'Conner, 5 Ill. App. 213, held that "the principal defendant is, in garnishee proceedings of this nature, the plaintiff, as against the garnishee, and that the debt of the garnishee must be only for such sum as is within the jurisdiction of the court before which the proceeding is had."

We are aware that a different conclusion was reached by the Appellate Court of the Second District in the case of Home Insurance Company v. Kirk, 23 Ill. App. 19.

If this question alone were in the case, we should feel inclined to follow the opinion of Mr. Justice McAllister of this district, and to hold it decisive; but in addition to this difficulty appellants failed to obtain judgment against the principal defendant; they were, therefore, not entitled to final judgment against the garnishees. Sec. 10, Chap. 62, R. S.

It is, to be sure, the case that the suit in this case was brought under the provisions of the statute concerning corporations; thereby, in order to proceed against appellees as garnishees, it was not necessary to have first obtained a judgment against the principal debtor, or to have had sufficient ground for proceeding by attachment against it, but the suit once begun, the course of it as regards the garnishees must be in accordance with the statute concerning garnishment, and if no judgment is had against the principal defendant, then no final judgment can be rendered against the garnishees.

In the present case it has never been established that the principal defendant is indebted to appellants in any sum whatever; the ascertainment and judicial determination of such indebtedness is fundamental; upon this the right to judgment against the garnishees depends.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*