Andrew F. Hughes, for use, etc.,

v.

Fort Dearborn National Bank..

*Garnishment.*

Garnishment proceedings will not lie in the Circuit Court upon a judgment of a justice of the peace.

[Opinion filed January 7, 1893.]

Appeal from the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding.·

Messrs. H. C. Bennett and W. A. Phelps, for appellant.

Mr. Thomas J. Walsh, for appellee.

Mr. Justice Gary.   The Joliet & Chicago Stone Company obtained a judgment against Hughes before a justice of the peace, on which an execution was issued and returned " no property found." Thereupon the stone company commenced garnishment proceedings upon that judgment in the Circuit Court.

The only question in the case is whether garnishment proceedings will lie in the Circuit Court upon a judgment of a justice of the peace. As such proceedings are purely statutory the answer depends upon what is the antecedent of the word " such " in the several places where it occurs in the first section of the Garnishment Act, as follows : " Whenever a judgment shall be rendered by any court of record or any justice of the peace, * * * and on the affidavit of the plaintiff, or other credible person, being filed with the clerk of such court or justice of the peace, * * * it shall be lawful for such clerk or justice of the peace to issue summons," etc.

It must have some antecedent, and we read the statute as having the same meaning as if the word "such" had been repeated after "or" in the last two places where "or" occurs.

The precise question has never been before the Supreme Court or any of the Appellate Courts of the State, so far as we are advised, but it was in effect involved in Toledo W. & W. Ry. v. Reynolds, 72 Ill. 487, Nesbitt v. Dickover, 22 Ill. App. 140, and Home Ins. Co. v. Kirk, 23 Ill. App. 19, and the construction given which we adopt.

The fact that we feel ourselves bound by a prior decision of this court, in conflict upon another point (Merchant v. Howland, 46 Ill. App. 458) with the decisions cited from the second district, does not prevent us from entertaining a high respect for the opinions of that court, which are in accord with our own.

On motion of the appellee, the Circuit Court rightly quashed the garnishee summons and dismissed the suit.

*Judgment affirmed.*