## Rand, McNally & Company v. Daniel W. Pomeroy.

1. Garnishment—*Justice's Jurisdiction.*—In garnishee proceedings before a justice of the peace, where the answer of the garnishee discloses an indebtedness greater than the justice's jurisdiction, the proceedings must be dismissed.

Trainor v. Adams.

Memorandum.—Garnishee proceedings. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1894, and reversed. Opinion filed June 4, 1894.

The opinion states the case.

PEASE & McEWEN, attorneys for appellant.

WALTER W. ROSS, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the Kalamazoo Paper Co., before a justice of the peace, and caused the appellant to be summoned as garnishee.

The appellant answered that it owed the paper company $1,056.51; the justice gave judgment against the appellant on that answer for $36.10, and on appeal by the appellant, the Circuit Court did likewise.

Omitting all reference to other questions made, the judgment must be reversed, as it is the doctrine of this court that a justice has no jurisdiction of a garnishee owing more than $200.

There is no hardship. The creditor may go at first into a court of unlimited jurisdiction. Haines v. O'Connor, 5 Ill. App. 213; Merchant v. Howland, 46 Ill. App. 458; Hughes v. Fort Dearborn Nat'l Bank, 47 Ill. App. 567.

The justice having no jurisdiction, the Circuit Court on appeal should have dismissed the suit. Sec. 73, Ch. 79, Justices Act, R. S.; Stolberg v. Ohnmacht, 50 Ill. 442.

The judgment is reversed, but as there can be no further proceedings the case is not remanded.