MENDELSOHN v. BANOV AND VOLASKI.

1. STATUTE OF FRAUDS—CONTRACT.—A verbal contract to labor or employ labor for one year, to begin at a future day, is within the statute of frauds.

2. COUNTER-CLAIM.—AN ORAL DEMURRER will lie to a counter-claim based on the breach of a contract within the statute of frauds.

3. IBID.—DISCOUNT—DEFENSE—CONTRACT.—The breach of a contract within the statute of frauds cannot be set up as a defense in the nature of a discount or counter-claim to an action on *quantum meruit.*

Before KLUGH, J., Charleston, April, 1899. Affirmed.

Action by I. M. Mendelsohn against Banov and Volaski. Defendants are appellants.

*Messrs. Mordecai & Gadsden,* for appellants, cite: *On main question:* 41 Vt., 54; 3 S. C., 298; 33 S. C., 241; 28 S. C., 175. *Oral demurrer will not lie to answer:* Code, 174, 177; 16 S. C., 545; 29 S. C., 130; 30 S. C., 172.

*Messrs. J. N. Nathans & Son* and *Huger Sinkler,* contra, cite: *As to oral demurrer to answer:* Code, 174; 16 S. C., 541. *On main question:* Rev. Stat., 2151; 5 Gray, 41; 2 M. & W., 248; 6 Exch., 130; 16 Conn., 246; 31 Ohio St. R., 586; 145 Mass., 361. *As to the matter of defense:* Code, 170, 171.

April 3, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. Appellants seek to reverse an order sustaining a demurrer to their answer herein. The complaint was on a *quantum meruit* for services performed by the plaintiff for defendants. The answer, among others, set up the following, both by way of defense and as a counter-claim: "That on or about the 1st day of July, 1897, a verbal agreement was entered into between the plaintiff and these defendants, who were then and are now merchant tailors, whereby the plaintiff was to perform the services of 'cutter' for the term of one year from the 1st day of October, 1897, to the 30th day of September, 1898, at a salary of $100 per month, with the express understanding and agreement that each month the defendants were to deduct from said salary the sum of $20, the same to be forfeited in case the plaintiff should leave the defendants' employ before the expiration of the year. That the plaintiff, without reasonable ground, justification or excuse, broke his contract and left the employ of these defendants on or about the 1st day of June, 1898, by reason of which action the said sum of $20 per month for eight months from the 1st day of October, 1897, to the 1st day of June, 1898, namely, the sum of $160, became forfeited, and it is to be deducted from the salary due the plaintiff by the defendants." The plaintiff really demurred on the ground that the answer did not state facts sufficient to constitute either a defense or counter-claim, the same being based upon a verbal contract within the statute of frauds, because not to be performed within one year, and the demurrer was sustained.

The first question we will consider is whether the contract in question is within the statute of frauds.   Our statute, sec. 2151, Revised Statutes, provides: "No action shall be brought * * * upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought shall be in writing, and signed by the party to be charged therewith * * *."   In the case of *Gee* v. *Hicks,* Rich Eq. Cases, 17, the Court, through O'Neall, J., construing this statute, said: "This clause of the statute was intended to be applicable to contracts wholly executionary, and not intending on either part to be performed within a year.   In other words, both the consideration and the promise must be executory, and neither to be done or performed within a year.   If the consideration is executed at the time of the contract made, or intended to be, and is performed within a year, the contract is not within the statute."   The contract before the Court in that case was held not to be within the statute, because it was intended to be performed, and was performed, by the plaintiff on his part within a year.   But the principle stated that contracts wholly executory and not intended on either part to be performed within a year, are within the statute, is generally accepted as a correct construction of the statute.   It will take the contract out of the statute, if it be intended that either side shall perform *its part* within a year; there must be an intent that there is not to be *complete* performance on either side within a year.   *Compton* v. *Martin,* 5 Rich., 16; 8 Ency. Law, 685, 2d ed.   Tested by this principle, the contract before us is clearly one in which it was not contemplated that either party could fully perform within the year from the making of the contract.   Appellant argues that the purpose of the statute was to provide for that class of cases where an actionable breach could not occur within a year, citing Brown on Stat. Frauds, sec. 290, based principally on *Sheeley* v. *Adderine,* 41 Vt., 54, and that under this contract such actionable breach could occur within the year.   In the

Vermont case, it appears that defendant agreed to furnish plaintiff a cow at a certain time within a month, in consideration whereof the plaintiff agreed at the end of the year to buy the cow, or pay for the past use of her.    The defendant failed to furnish the cow, and plaintiff sued for damages. The Court held the contract not within the statute, because the defendant was to furnish the cow *within* that year, and his failure so to do left nothing further to be performed on either side.    It thus appears that the contract on the part of the plaintiff in the Vermont case was intended to be fully performed within the year; therefore, the contract was not within the statute, hence the breach thereof was actionable. The principle meant to be stated in the authorities cited by appellant is really nothing but a corollary of the rule announced in *Gee* v. *Hicks, supra,* the non-performance by one party of an agreement on his part to be performed within a year, being an actionable breach, because the fact that he was to perform within the year took the contract out of the statute.    A verbal contract to labor or employ labor for one year to begin at a future day is clearly within the statute. *Duckett* v. *Pool,* 33 S. C., 238; 8 Ency. Law, 686, 2d. ed.

The contract being within the statute, does that render its breach, set up as a counter-claim, demurrable?    We think so.    A counter-claim is an action by defendant against the plaintiff, and so comes clearly within the inhibition. "No *action* shall be brought, &c."    Sec. 174 of the Code authorizes a demurrer to an answer when upon its face it does not constitute a counter-claim; and by sec. 175 defendant may have judgment on his counter-claim, if plaintiff fails to demur or reply.    *State* v. *Stone,* 16 S. C., 541.    In this case, the fact that the contract upon which the counter-claim is based is not in writing, appears on the face of the pleading, and in such case demurrer is the proper remedy.    Demurrer for insufficiency may be taken orally at the trial.    Code, sec. 169; Rule 18 Circuit Court; *Hull* v. *Young,* 29 S. C., 69.

The contract being within the statute, may its breach be

set up as a defense? The answer to this is not quite so clear and ready as to the question above noticed; but as presented in this case, we are of opinion that the demurrer was properly sustained. While ordinary matter, merely defensive, does not come strictly within the term "action," yet the attempt here is to charge the plaintiff with damages or compensation under the provisions of a contract not legally enforceable. To the extent that damages or compensation for the breach of such contract would go to reduce plaintiff's recovery, the defense is in the nature of a discount or counter-claim. To permit such defense would nullify the purpose of the statute, by permitting a party to charge another with a contract not legally enforceable. Sustaining this view, may be cited the cases: *King* v. *Welcome,* 5 Gray Mass., 41, followed in *Freeman* v. *Foss,* 14 N. E. R., 141.

The judgment of the Circuit Court is affirmed.