## MISSOURI, K. & T. RY. CO. v. BRADSHAW.

### No. 2678.   Opinion Filed May 6, 1913.

#### (132 Pac. 325.)

1. **GARNISHMENT—Judgment—Validity.** In an action brought in this state by a creditor against his debtor, the latter defended by setting up a judgment of a justice of the peace in another state, wherein the plaintiff here was defendant there, and the defendant in this state was named as a garnishee.in the foreign state. The judgment rendered in the latter state failed to show either service of summons, appearance, or service by publication on the defendant. 'Held, that the judgment rendered was void and constituted no defense to plaintiff's action.

2. **SAME—Publication Notice.** Judgment rendered against a defendant in garnishment proceedings, based upon a publication notice or posted advertisement, naming another defendant in a different action, is a nullity.

3. **SAME—Validity.** There being no valid judgment against the defendant, no judgment could be rendered against the garnishee in such a proceeding.

(Syllabus by Sharp, C.)

*Error from Coal County Court;*
*R. H. Wells, Judge.*

Action by W. W. Bradshaw against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings · error. Affirmed.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*G. T. Ralls,* for defendant in error.

Opinion by SHARP, C.   April 11, 1910, the defendant in error brought suit before a justice of the peace in Coal county against the plaintiff in error to recover $38.75 for labor performed at defendant's coal mine within 30 days immediately preceding the institution of the action. The defendant being duly summoned, and no appearance being made; judgment in

favor of plaintiff was rendered on April 15th following, from which an appeal to the county court was duly prosecuted. The defendant company filed no answer but appeared and defended the action in the county court, and introduced in evidence the record of certain garnishment proceedings theretofore pending in a justice of the peace court in Jackson county, Mo., in which said plaintiff was defendant, and the defendant railway company was garnishee. From the brief of plaintiff in error it appears that these proceedings were offered, not in abatement, but as a bar, to plaintiff's right of recovery, and it is insisted that upon the proof submitted the trial court erred in not rendering judgment in favor of the defendant below. Independent of this defense no serious question is presented, and upon the sufficiency of the records of the garnishment proceedings in the Missouri court the rights of the plaintiff in error must depend.

In the exemplified copies of the record in said proceedings appears a "statement of claim," showing an indebtedness on account stated, with interest, of $300, owing by defendant in error to Dan McLaughlin, and by him assigned to M. E. Merchant, an affidavit for attachment, signed by one M. Ziph, attachment bond, writ of attachment and return thereon, notice of attachment, signed by M. E. Merchant, with return of officer showing length of time for which the same was posted, notice of garnishment and return thereon, garnishee's answer, affidavit for appeal and appeal bond, both executed by the officers and agent of the garnishee company, together with the justice of the peace's transcript, fee bill, and certificates of authentication of both the justice of the peace and clerk. The notice of garnishment purports to have been issued May 24, 1910 (presumably March 24, 1910), and was made returnable April 8, 1910. The answer of the garnishee above referred to does not appear to have been made in the case of M. E. Merchant v. W. W. Bradshaw, but in a case in which the said M. E. Merchant was plaintiff, and one Richard or R. H. Hodson was defendant, and sets up an indebtedness on the part of the garnishee to said R. H. Hodson in the sum of $73.85 for wages earned during the

month of February, and $8.50 for wages earned in the month. of March, 1910. This is the only answer of the garnishee contained in the record. The notice of attachment, with return thereto, upon which judgment against the defendant Bradshaw was rendered, reads:

"ATTACHMENT.

"M. E. Merchant, Assignee of Coalgate Company, Plaintiff v. Richard Hodson, Defendant.

"Before H. C. Bulkley, Justice of the Peace, Blue Township, Jackson County, Mo.

"By virtue of an order of the justice of the peace, made on the 3d day of April, 1910, the above-named defendant, ———, is hereby notified that a writ of attachment in the above cause has been issued against him, and his property attached to satisfy the demand of the plaintiff, and unless the defendant, Richard Hodson, appear before the said H. C. Bulkley, a justice of the peace, at his office in Mt. Washington, Blue township, Jackson county, in the state of Missouri, on the 20th day of May, 1910, at 11 o'clock a. m., judgment will be rendered against the said defendant by default for the amount found to be due the plaintiff, and the property attached sold to pay such judgment and costs.                    M. E. MERCHANT, Plaintiff.

"By order of the justice."

Indorsed:

"I hereby certify that I set up four printed advertisements of which the within is a true copy in four public places in Jackson county, in the state of Missouri, on the 30th day of April, 1910.

"J. H. THATCH, Constable,
"H. L. DONNELLY, Deputy."

No appearance was entered by the defendant, and no attempt (unless we consider the foregoing) was made to obtain service by publication on the defendant, Bradshaw. From the judgment, the garnishee appealed; its appeal bond being filed and approved on May 27, 1910.

No valid judgment can be rendered against a garnishee until a valid judgment has first been entered against the principal defendant; and a judgment against the garnishee entered upon a judgment against the principal defendant which is void will

prove no protection to the garnishee in an action against him thereafter brought by the principal defendant. Shinn on Attachment and Garnishment, secs. 681, 708, 711; Drake on Attachment (7th Ed.) secs. 460, 711; *Lowery v. Clements,* 9 Ala. 422; *Merchant v. Howland,* 46 Ill. App. 458; *Erwin v. Heath,* 50 Miss. 795; *Miller v. Anderson,* 19 Mo. App. 71; *Sun. Mut. Ins. Co. v. Seelingson,* 59 Tex. 3; *Washburn v. New York & V. M. Co.,* 41 Vt. 50.

The issuance and posting of notice of an attachment suit in case Merchant v. Hodson cannot, by any form of legerdemain, be made to answer the purpose of notice to the defendant, Bradshaw, in a different action; and it was in the Hodson suit that the garnishee company answered, disclosing a liability, not to Bradshaw, but to Hodson. Hodson's name, in both the notice of attachment and garnishee's answer, appears not only in the caption thereof, but throughout the entire course of said instruments wherever the name of the defendant was used.

The plaintiff in error relying for a defense upon the records of the garnishment proceedings of the Missouri justice of the peace, it was incumbent upon it to prove a valid and binding judgment, in order that plaintiff's right of recovery might be defeated. This it did not do.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.