## BROWN *et al.* v. STOGSDALE.

No. 3292.   Opinion Filed December 20, 1913.

Rehearing Denied May 12, 1914.

(140 Pac. 608.)

**GARNISHMENT—Judgment—Operation—Pleading as Defense.** An answer to a suit for debt, which pleads in bar that a judgment in attachment in another state has been rendered against defendant as a garnishee, is demurrable, unless it shows affirmatively that the demand sued for and that adjudicated in the garnishee proceedings were identical.

(Syllabus by Brewer, C.)

*Error from District Court, Delaware County;*
*T. L. Brown, Judge.*

Action by Mahala Stogsdale against C. B. Brown and another.   Judgment for plaintiff, and defendants bring error.   Affirmed.

*Preston S. Davis* and *J. G. Austin*, for plaintiffs in error.

Opinion by BREWER, C.   This is a suit begun in 1904 in the United States commissioner's court for the Northern district of the Indian Territory to recover $100 and interest on a negotiable note.   The plaintiff below obtained judgment, and defendants Brown and Whitaker appealed to the United States Court, where the cause was pending at statehood.   On October 6, 1911, these defendants, plaintiffs in error here, filed an amended answer setting up garnishment proceedings in the state of Missouri in a justice of the peace court, in which the present plaintiff was one of the defendants, and the present defendants were garnishees, and that a judgment had been rendered against them as garnishees in the Missouri court in a sum in excess of the sum claimed in the present suit.   Copies of the judgment, pleadings, process, and proceedings of the Missouri court are attached, as exhibits to the answer.   The court sustained a demurrer to this answer on the ground that it did not aver a defense.   This ruling is the only point made in this appeal.

The answer, after admitting the execution of the note, alleges:

"Defendants further say: That W. R. Whitaker is the principal debtor on said note, and the other makers are sureties thereon. That defendants were made garnishees in a certain cause before John W. Smith, justice of the peace, Prairie township, McDonald county, state of Missouri, in a certain cause wherein Joe D. Yeargain is plaintiff and Benjamin Stogsdale and Mahala Stogsdale are defendants. A full, true, and correct copy of the proceedings, papers, and record in said cause is hereto attached, duly certified, and made a part hereof, as 'Exhibit A.' That the defendants in said cause were duly served as provided in such cases in the state of Missouri, and within the jurisdiction of said justice of the peace when said action was brought, and when he was served, together with defendant Brown. That he had gone there with money to pay the said note, and that said Whitaker produced the money with which to pay same, and stated that he was there to pay said note, which is set out in plaintiff's bill of particulars, and that after being duly served as such garnishee, and the proceedings had as in said copy of same hereto attached, the said defendant Whitaker by agreement with the plaintiff in said action did not pay the amount of their indebtedness into court, but that he paid same to defendant C. B. Brown, by agreement with the said Joe D. Yeargain and the said Justice. Smith and said Whitaker. That said judgment against said garnishees became a final judgment, was never reversed or set aside, and that the same has never been satisfied, and that the said Brown and Whitaker are held liable upon same to the said Joe D. Yeargain, and that the amount of their liability under said judgment is $166.93 with interest at 6 per cent. from January 11, 1904, which is in excess of the amount due plaintiff on the note which is set out in plaintiff's petition, and the interest thereon. That the laws of Missouri as found in sections 587 to 604, inclusive, of the Revised Statutes of the State of Missouri, 1889, revised and promulgated by the Thirty-Fifth General Assembly, was the law at the time said judgment was rendered, and is the law now, and is herein pleaded as governing the validity of said judgment and that section —— of said laws is hereby pleaded as showing the rate of interest on all judgments on accounts or where neither rate of interest is specified. Therefore defendants W. R. Whitaker and C. B. Brown pray that they may be ordered to pay to said Joe D. Yeargain the full amount which may be found due plaintiff from defendants on said note,

which is set out as the basis of defendants' indebtedness to plaintiff, and that the same be entered as full satisfaction of the judgment which may be rendered herein."

The judgment exhibited recites:

"On the 21st day of December, 1903, the said writ having been returned, duly served, as follows: By summoning as garnishees W. R. Whitaker and C. B. Brown in said county and state on the 9th day of December, 1903—and this cause coming on for trial, come Joe D. Yeargain, plaintiff, and W. R. Whitaker, garnishee, and the said W. R. Whitaker, being duly sworn, under his oath states that the amount he now owes to defendants Benj. Stogsdale and Mahala Stogsdale is $110. Now, it appearing that the defendants are not residents of this state, it is ordered by the court that said defendants be given twenty days' notice of the said case, by posting up five notices in said township; and thereafter said notices were duly posted. On the 30th day of December, 1903, comes Charley Brown, garnishee, into court, and under his oath states that he is indebted to the defendant Mahala Stogsdale in the sum of $150. This the 11th day of January, 1904, comes Joe D. Yeargain, plaintiff, by his attorney, S. A. Yeargain, and at one o'clock p. m. on said day, the defendants Benj. Stogsdale and Mahala Stogsdale, being three times audibly called, come not, but make default. The plaintiff having produced evidence in support of his claim, the court doth order and adjudge that the plaintiff recover from the defendants and garnishees the full amount of his claim of $159.45 and have thereof execution, and that said attachment is fully sustained. This January 11, 1904. Jno. W. Smith, J. P."

It will be observed that the answer in this case does not aver, nor do the exhibits show, that the Missouri judgment was rendered against these defendants on account of their indebtedness to plaintiff on the note in suit; in other words, there is an utter failure of identity between the indebtedness upon which they were charged as garnishees and that upon which they are sued here. It was necessary to show this identity in stating a defense. This question is treated quite fully in Drake on Attachments (7th Ed.) sec. 715, as follows:

"The importance of great care in the framing of a garnishee's answer is strikingly enforced, in connection with the subsequent use of the judgment against him as garnishee, as a defense to an action upon the debt in respect of which the judg-

ment was rendered. For he cannot avail himself of such judgment, or of a payment under it, as a defense, unless it appear that the money paid was on account of the same debt for which he is sued. And as the record of the recovery, including the answer of the garnishee, must be given in evidence in the action by the creditor against him who was garnishee, the latter should not fail to describe particularly in his answer' the debt in respect of which he is garnished, and to state every fact within his knowledge having any bearing upon his liability; so that, afterwards, the record in the attachment suit shall exhibit all that is necessary to a successful defense against an action for the same debt. Thus A. answered as garnishee that he was indebted to the defendant, as executor of B., in a certain sum, but did not state the nature of the debt. Afterwards, on being sued by an assignee of a note given by his testator to the defendant, he pleaded in bar the judgment which had been rendered against him as garnishee, and payment thereof; but the plea was held bad, on demurrer, because it did not aver that the debt in respect of which he was garnished was the same as that sued on. A. and B. were joint makers of a note to C. A. was summoned as garnishee of C., and did not answer, but suffered judgment by default to be given against him, and paid the judgment. Afterwards A. and B. were sued on the note by C., and set up the payment of the judgment as a payment *pro tanto;* but it was held insufficient, because in itself affording no evidence that A. was charged as garnishee on account of the note."

In the case of *Harmon v. Birchard,* 8 Blackf. (Ind.) 418, a demurrer was sustained to a plea very like the one under consideration. In holding the demurrer well taken, the court says:

"In this case the plea does not state, nor do the proceedings offered in evidence show, with certainty, that the debt confessed by the appellant as garnishee, was the same debt sued for in this action."

And in *Cornwell et al. v. Hungate,* 1 Ind. 156, it is stated in the syllabus:

"A defendant, pleading to an action of debt that a judgment in attachment was obtained against him as garnishee, must aver that the judgment was for the same debt, or a part of it, for which the present suit was brought."

And in *Sangster v. Butt,* 17 Ind. 354, the trial court was sustained in holding a demurrer good against an answer similar to the one here. The court says:

"The transcript of the proceedings before the justice showed that the garnishee had answered that he had in his hands $800 of uncurrent money, belonging to the payee of the note sued upon in this case, worth $620.  *Held,* that the answer was bad, in not showing affirmatively that the demand sued for in this case, and that adjudicated before the justice, were identical."

The following cases are strictly in point and to the same effect: *Hutchison v. Eddy,* 29 Me. 91; *Dirlam v. Wenger,* 14 Mo. 384.

The justice judgment, it will be seen, shows that neither of these defendants filed written answer as garnishee in that court, setting out the nature of his indebtedness.  One appeared December 21, 1904, and stated he was indebted to both Benj. Stogsdale and Mahala Stogsdale in the sum of $110.  This evidently was not a disclosure of an indebtedness of $100 to Mahala alone on a promissory note.  The other garnishee appeared December 30, 1904, and orally stated he was indebted to Mahala Stogsdale alone in the sum of $150.  This just as evidently could not have referred to his indebtedness on the note for only $100, upon which, at that time, but a small amount of interest had accrued. There are a number of other things which might be mentioned, such as the fact that nothing is claimed to have ever been paid on this Missouri judgment, which, when it was set up in the answer, was nearly eight years old, and that under the law of Missouri, pleaded with the answer, such a judgment becomes dormant in three years, and cannot be executed without a revivor. Rev. Stat. Mo. 1889, sec. 6290.  However, we think the point made shows that the answer did not state a defense, and that the demurrer was therefore properly sustained.

As further proceedings in this case may be had, we call attention to the recent cases of *M., K. & T. Ry. Co. v. Houseley,* 37 Okla. 326, 132 Pac. 330, *M., K. & T. Ry. Co. v. Bradshaw,* 37 Okla. 317, 132 Pac. 327, and *M., K. & T. Ry. Co. v. Bradshaw,* 37 Okla. 313, 132 Pac. 325.

The judgment should be affirmed.

By the Court:  It is so ordered.