931 F.2d 887
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Beth B. MAHON, Stagefront Promotions, Incorporated,
Plaintiffs-Appellants,
v.
GREENVILLE MEMORIAL AUDITORIUM, a political subdivision of
the State of South Carolina; Clifford L. Gray, individually
and as Executive Director of Greenville Memorial Auditorium,
Defendants-Appellees.
 No. 90-2438.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1991.
Decided April 30, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Joe F. Anderson, Jr., District Judge. (CA-90-363-6-17)
 Daniel D. Davenport, Jr., Davenport & Yacobi, P.A., Greenville, S.C., for appellants.
 Floyd Matlock Elliott, Haynsworth, Marion, McKay and Guerard, Greenville, S.C., (Argued), for appellees; Katherine Dudley Helms, Haynsworth, Baldwin, Johnson and Greaves, P.A., Greenville, S.C. for appellee Greenville Memorial Auditorium, Paul J. Foster, Jr., Foster, Foster & Fortson, Greenville, S.C., for appellee Gray, on brief.
 D.S.C.
 AFFIRMED.
 Before DONALD RUSSELL, Circuit Judge, TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation, and JOHN A. MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The issue presented here on appeal is whether appellants may maintain their cause of action based on 42 U.S.C. Sec. 1983.
 
 
 2
 Appellants, Beth B. Mahon and Stagefront Promotions, Inc., brought an action against appellees, Greenville Memorial Auditorium and Clifford L. Gray, for breach of contract, setting forth eight state law claims in addition to a federal claim based on Sec. 1983. Appellees timely moved to dismiss appellants' Sec. 1983 claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted appellees' motion to dismiss on the grounds that appellants failed to assert a property interest protected under Sec. 1983. We affirm.
 
 I.
 
 3
 In their complaint, which must be taken as true for purposes of a Rule 12(b)(6), appellants set forth the facts as follows. District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir.1979).
 
 
 4
 Prior to July 1987 Beth Mahon was employed as a publicity director by Greenville Memorial Auditorium ("GMA"), a political subdivision of the State of South Carolina that operates auditoriums and provides entertainment events. Mahon resigned to form her own corporation, Stagefront Promotions, Inc. ("Stagefront").
 
 
 5
 On August 28, 1987, Clifford Gray, GMA's executive director, contacted Mahon about providing promotional and advertising services for GMA through her corporation, Stagefront. Mahon replied with a letter dated September 4, 1987, in which she proposed a one year contract between the parties.
 
 
 6
 A week or so later, on September 16, Mahon and Gray met. At that time, Gray told Mahon that "her and Stagefront's employment" had been approved by the Board of Directors, and that he wanted her to commence employment on October 1, 1987. In addition, Gray asked Mahon to prepare a formal agreement stating the terms of the contract "as then agreed upon".
 
 
 7
 On October 1, 1987, Mahon began working for GMA. Shortly thereafter, she delivered a formal agreement entitled "Agreement between Stagefront Promotions, Inc. and Greenville Memorial Auditorium" (hereinafter referred to as "Agreement") to Gray. Gray told her that the Agreement was acceptable and that Mahon would be employed on the terms recited therein. Gray then explained that he could not execute the Agreement without Board of Director approval, but that such approval was a mere formality.
 
 
 8
 Although Mahon made numerous requests for Gray to return the Agreement to her, Gray did not do so. The Agreement was never executed by either party.
 
 
 9
 On December 21, 1987, Gray terminated the employment of Mahon and Stagefront.
 
 II.
 
 10
 In order to advance a claim under Sec. 1983, appellants must show that 1) the conduct complained of was committed by a person under color of state law; and 2) they were deprived of a property right secured by the Constitution. Parratt v. Taylor, 451 U.S. 527 (1981). As there is no dispute regarding the fact that Gray acted under color of state law, we turn exclusively to the question of whether Mahon was deprived of a property right protected by the Constitution.
 
 
 11
 Appellants contend that their contract with GMA provided them with public employment giving rise to a constitutionally protected interest. Public employment, in some instances, may be considered a property interest under the Fourteenth Amendment. Yet, only where the expectancy of continued public employment is protected by state statute, by contract, or by state practice, is a property interest protected. Board of Regents v. Roth, 408 U.S. 564, 578 (1972); Bishop v. Wood, 426 U.S. 341, 344 (1976).
 
 
 12
 While the appellants argue that their protected property interest arises by virtue of their contract with a public body, the facts reveal otherwise.
 
 
 13
 Appellants asserted at oral argument that they possessed a written employment contract with GMA as evidenced by the Agreement. The Agreement, however, cannot be considered a written contract as neither party signed it. Thus, if any employment contract existed between the parties, it was an oral one.
 
 
 14
 Without reaching the issue of the terms of any oral employment contract between the parties, it is apparent that the date of formation of such a contract had to be prior to October 1, 1987, since there was no allegation by the appellants that any contract was reasserted on the date employment commenced. Under South Carolina law, an employment contract for one year to begin in the future is within the Statute of Frauds.[1] Mendelsohn v. Banov, 57 S.C. 147, 35 S.E. 499 (1900).
 
 
 15
 The South Carolina Statute of Frauds provides as follows:
 
 
 16
 Sec. 32-3-10. Agreements Required to Be in Writing and Signed
 
 No action shall be brought whereby:
 
 17
 (5) To charge any person upon any agreement that is not to be performed within the space of one year from the making thereof; Unless the agreement upon which such action shall be brought ... shall be in writing and signed by the party to be charged therewith....
 
 
 18
 The appellants have failed to produce a signed writing, thus their alleged employment contract is in violation of the South Carolina Statute of Frauds. Since appellants cannot assert a valid employment contract under South Carolina law, appellants lack the requisite property interest to maintain an action under Sec. 1983. Bishop v. Wood, 426 U.S. 341 (1976); Pittman v. Wilson County, 839 F.2d 225 (4th Cir.1988) (to the extent that one's public employment status is protected by state law, it is a protected expectancy of continued employment).
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 For purposes of analyzing any oral contract between the parties under the Statute of Frauds, we adopt the appellants' argument that the contract was a public employment contract. We therefore reserve the question of whether the contract between the parties could be more aptly described as an independent contract for services